**FIRST NATIONAL BANK OF MONTE-VIDEO, MINNESOTA, Appellant,**

v.

**Curtis H. JOHNSON, Gloria Johnson, d/b/a Oak Farm Livestock and Oak Farms, Inc., and Oak Farms Services Co., Respondents.**

Civ. No. 4–81–826.

United States District Court,
D. Minnesota,
Fourth Division.

March 17, 1982.

Richard D. Anderson, Jeffrey F. Shaw, Briggs & Morgan, P.A., St. Paul, Minn., for appellant.

William I. Kampf, Emily F. Seesel, Elizabeth L. Zerby, Kampf, Orey, Landsman & Seesel, St. Paul, Minn., for respondents.

DIANA E. MURPHY, District Judge.

First National Bank of Montevideo, Minnesota (the bank) appeals from an order of the United States Bankruptcy Court[1] dated October 20, 1981, enjoining it from taking

---

1. The Honorable John J. Connelly, United States Bankruptcy Judge for the District of Minnesota.

further action to foreclose on certain property mortgaged by respondents Curtis Johnson, Gloria Johnson, and entities through which they conducted business, and staying the Minnesota statutory period in which to redeem the property until further order of the bankruptcy court or until the bankruptcy cases concerning the property were closed. The court found the authority for its actions under 11 U.S.C. § 105(a).

*Facts*

The relevant facts pertaining to the respondents' default are not in dispute.[2] In 1978 Oak Farms, Inc., executed a mortgage on certain property in Minnesota, securing a demand note in the principal amount of $300,000. In 1979 Oak Farms, Inc., Oak Farms Services Co., and the Johnsons executed a second mortgage securing payment of 19 promissory notes totaling $650,000 on the same property. The mortgage allowed the bank to sell the mortgaged property at public auction in the event of a default in payment.

Default occurred in September of 1980, and the mortgaged property was sold at a sheriff's auction in October of 1980. The bank itself purchased the property for $566,355.34.

Under Minnesota law, respondents had a twelve month period within which to redeem the mortgaged property. Minn.Stat. § 580.23. They did not redeem the property, but instead filed for a petition for reorganization under Chapter 11 of the Bankruptcy Code. On the same day they filed an adversary complaint, alleging, *inter alia*, that they had substantial equity in the mortgaged property and were entitled to an order staying the statutory redemption period.

The matter came on for a hearing before the bankruptcy court. At the hearing respondents presented the testimony of Curtis Johnson that he estimated the value of the mortgaged property to be $2,720,000 and stated that the total of the encumbrances on the property was $2,043,000. He said that the basis of his opinion was his knowl-

edge of what land was selling for in the area, an appraisal by Prudential Insurance, and other factors. Respondents' counsel sought to introduce various summary exhibits pertaining to respondent's equity in the mortgaged property, but they were not allowed into evidence because the underlying books and records were not furnished to appellant.

The bankruptcy court found that an exigency existed and that respondents had substantial equity in the property. Based upon those findings it enjoined appellant from foreclosing on the property and stayed the expiration of the redemption period pursuant to 11 U.S.C. § 105.

*Issues presented on appeal*

Appellant has designated these issues on appeal:

1. Whether the bankruptcy court's order enjoining the running of the Minnesota statutory redemption period and related foreclosure proceedings under the auspices of 11 U.S.C. § 105 constitutes an impermissible exercise of the bankruptcy court's jurisdiction and authority.

2. Whether there is sufficient support in the record to support the court's finding that the debtors have substantial equity in the real property.

*Discussion*

1. *Appealability of the Order*

Because the order at issue is an interlocutory order of injunction, leave to appeal must be obtained from the district court; there is no appeal of such an order as of right. *Collier on Bankruptcy*, ¶ 3.03[7][e]. Pursuant to Rule 8004 of the Interim Rules of Bankruptcy Procedure, the court construes the notice of appeal as an application for leave to appeal. Because the appeal raises questions concerning a controlling issue of law, and immediate appeal may serve to advance the ultimate termination of the litigation, the court grants leave to appeal. *Cf.* 28 U.S.C. § 1292(b); *see generally, Collier on Bankruptcy*, ¶ 3.03[7][d][v].

**2.** Respondents adopt appellant's statement of these facts.

### 2. *Jurisdiction under § 105(a)*

The bankruptcy court relied on 11 U.S.C. § 105(a) for jurisdiction to enjoin the foreclosure and extend the redemption period. That section provides that "the bankruptcy court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." The bankruptcy court's power to enjoin foreclosure and extend a statutory period of redemption has been recognized in *Bank of Commonwealth v. Bevan*, D.C., 13 B.R. 989, 995, 996 (E.D.Mich.1981), and in dicta in *Ecklund v. Swedlund*, 17 B.R. 451 (D.Minn. Bkrtcy.1981).

Appellant argues that the holding of *Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979), forbids the use of the bankruptcy court's general equitable power to enter such an injunction. The *Butner* court held that the equity power of the bankruptcy court under the prior Bankruptcy Act should not have been used to create a uniform rule that a mortgagee had a secured interest in rents of mortgaged property even though state law would recognize such an interest only after foreclosure. *Id.* at 55–56, 99 S.Ct. at 918. Appellant notes that there is no provision under Minnesota law for extension of the time for statutory redemption. *See Wivell v. Town and Country State Bank of Newport*, Civil No. 3–80–414, at 2 (D.Minn. Aug. 12, 1980).

■ Here, unlike the situation in *Butner*, the bankruptcy court is not seeking to create a uniform rule which is contrary to state law. While recognizing that state law should normally be applied to define property interests in bankruptcy proceedings unless some federal interest suggests otherwise, the *Butner* court specifically recognized that "the equity power of the bankruptcy court plays an important part in the administration of bankrupt estates in countless situations in which the judge is required to deal with particular, individualized problems." *Butner v. United States*, 440 U.S. at 55–56, 99 S.Ct. at 918. Despite appellant's contention to the contrary, the bankruptcy court's order herein did not seek to create a uniform rule that the redemption period is tolled whenever bankruptcy is filed. The bankruptcy court examined the particular facts in the case, found that an exigency existed, that respondents had substantial equity in the subject property, and that it should preserve the status quo at the present stage of the reorganization proceedings. Such a decision in an individual case made on the basis of the particular facts is not foreclosed by *Butner*.

### 3. *The bankruptcy court's factual findings*

■ Appellant argues that because the bankruptcy court's finding that respondents had substantial equity in the subject property was based on insufficient evidence, the finding must be reversed and the case remanded for further evidentiary hearings. The clearly erroneous standard applies to the bankruptcy court's findings of fact. *City National Bank of Fort Smith, Arkansas v. Bateman*, 646 F.2d 1220 (8th Cir. 1981); *Matter of PRS Products, Inc.*, 574 F.2d 414 (8th Cir. 1978).

■ The finding of substantial equity in the property was based wholly on Johnson's testimony. The record supports a conclusion that his opinion as to the value of the land was based on his perceptions and was helpful to determination of a fact in issue. It was thus admissible under Rule 701 of the Federal Rules of Evidence. It may have been preferable for his opinion to have been fully backed by specific documentation to allow appellant a chance to fully cross examine him, but it cannot be said on the basis of the record now before this court that the bankruptcy court's findings were clearly erroneous.

Because of the above rulings, the other issues presented by the parties need not be considered. The order of the bankruptcy court is affirmed.