**UNITED STATES of America,**
**Appellant,**

v.

**AIR FLORIDA, INC., Appellee.**

No. 84–2551–Civ.

United States District Court,
S.D. Florida.

Dec. 27, 1984.

Rangeley Wallace, Priscilla R. Budeiri, R. Timothy Slattery, Elliot Seiden, James Weiss, Justice Dept., Washington, D.C., for appellant.

John Olson, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Tampa, Fla., for appellee.

---

## ORDER

NESBITT, District Judge.

THIS CAUSE is before the Court on appeal from the United States Bankruptcy Court for the Southern District of Florida seeking review of a Final Judgment which "stayed and enjoined" the United States of America ("United States") from proceeding further with a criminal prosecution against the debtor Air Florida, Inc. ("Air Florida").

On July 3, 1984, Air Florida filed a Petition for Reorganization under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the Southern District of Florida. On July 11, 1984, an indictment was returned by a federal grand jury sitting in the District of Columbia against Air Florida alleging that Air Florida and three foreign airlines had conspired or combined to fix prices on certain Central American Routes in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. The criminal antitrust action, styled *United States of America v. Air Florida, Inc.*, was filed as criminal case number 84–9926 in the United States District Court for the District of Columbia and was subsequently transferred to the U.S. District Court for the Southern District of Florida. On August 20, 1984, Air Florida initiated an adversary proceeding against the United States of America by filing a complaint with the bankruptcy court hearing Air Florida's previously filed Chapter 11 petition. The complaint requested that the United States be enjoined from prosecuting the antitrust felony action until the bankruptcy court proceeding was completed. After a hearing the bankruptcy court granted this stay finding that:

"Air Florida has meager funds, and it has been able to operate during this Chapter 11 case only through the use of funds which are cash collateral of two secured creditors. To require Air Florida to expend its scant resources in defending this suit at this time would be counterproductive and contrary to the very purpose of a Chapter 11 proceeding. The cost of properly defending this action would be substantial and the Court finds that such costs should not be required and cannot be justified at this time."

and that:

"[the] pendency of the criminal proceeding poses a substantial threat to the assets of the estate, and forcing Air Florida to defend these charges at this time would do great damage to the Congressional policy favoring reorganizations and fully justifies the exercise of this Court's jurisdiction."

As a threshold jurisdictional question, Air Florida urges that the instant appeal is interlocutory as the United States has failed to obtain leave to appeal as required by 28 U.S.C. § 158(a) and Bankruptcy Rule 8003(a). The United States filed a notice of appeal from the entry of the Final Judgment in the adversary proceeding initiated by Air Florida.

Under the Bankruptcy Amendments and Federal Judgeship Act of 1984, 28 U.S.C. § 158(a) it is provided:

The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title.

It is generally held that in bankruptcy proceedings, the courts take a more liberal view of what constitutes a separate dispute for purposes of appeal. *In re Leimer*, 724 F.2d 744 (8th Cir.1984); *In re Saco Local Development Corp.*, 711 F.2d 441 (1st Cir. 1983). Underlying the concept of "final order" is the view that all possible proceedings with regard to the controversy rather than with regard to the entire bankruptcy litigation have been completed. *In re Leimer, supra.*

In light of this liberal policy the Court finds that the Final Judgment in the proceeding initiated by Air Florida is a separate dispute and that the order concluding that dispute is an appealable final order. The disposition of the complaint

ended the controversy between the United States and Air Florida as to the particular issue. No other matter pending in Air Florida's bankruptcy proceeding was affected by the Final Judgment sought to be reviewed. The fact that the Government had the opportunity to further petition for relief did not diminish the fact that Air Florida received the total relief requested in its adversary complaint. Therefore, the Bankruptcy Court's Orders staying the pending criminal action is final and appealable to this Court as a matter of right.[1]

The dispositive issue presented by this appeal concerns the propriety of the Bankruptcy Court exercising its jurisdiction to enjoin a criminal prosecution. Air Florida contends that under 11 U.S.C. § 105[2], a Bankruptcy Court has the power to temporarily stay a pending criminal action on the ground that defending the prosecution would jeopardize the debtor's rehabilitative efforts or would constitute a threat to the estate assets.

The Eleventh Circuit has addressed the issue of the propriety of a bankruptcy judge enjoining a criminal prosecution by the case of *Barnette v. Evans*, 673 F.2d 1250 (11th Cir.1982). In *Barnette*, a bankruptcy judge issued an order enjoining a county prosecutor from prosecuting the debtor on a state indictment for theft by deception, arising out of worthless checks. The complaining witness was one of the creditors in the bankruptcy proceeding. Upon review of the bankruptcy judges order, Judge Roney, speaking for the panel, stated:

"The basic error of the bankruptcy judge was to misjudge the width of his turf. The purpose of bankruptcy is to protect those in financial, not moral, difficulty. The bankruptcy courts were not created as a haven for criminals. (Citations omitted.)
There is a public interest in every good faith criminal proceeding, especially on the presentment of a grand jury, which overrides any interest the bankruptcy court may have in protecting the financial interest of debtors."

*Barnette,* 673 F.2d at 1251.

 The Court recognizes that the Bankruptcy Court attempted to fashion an "equitable" remedy by granting what was in effect a temporary stay until February 1, 1984, giving the debtor an opportunity to resolve some of its Chapter 11 matters before facing a complicated, lengthy and burdensome antitrust prosecution. However, the Supreme Court has often stated that Courts sitting in equity should not act to restrain a criminal prosecution when the moving party has an adequate remedy at law and will not suffer irreparable harm if denied equitable relief. *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

Air Florida has an adequate remedy at law. It can present its request for relief to the district court before which the criminal case is pending. The Speedy Trial Act, 18 U.S.C. § 3161(h)(8)(A), empowers a district court to grant a continuance "if the ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial."

The irreparable harm requirement has also not been met as it has been held that the expense and inconvenience of defending a criminal proceeding does not constitute "irreparable harm". *See, Younger, supra,* 401 U.S. at 46, 91 S.Ct. at 751. Finally, courts considering injunctions of federal criminal prosecutions "repeatedly have recognized the very heavy presumption against enjoining pending or threat-

---

**1.** Even if the Bankruptcy Court's Order were found to be interlocutory, this Court would consider the Government's Notice of Appeal as a Motion for Leave to Appeal and would grant the Motion on the ground that this appeal presents a controlling question of law and would advance the ultimate termination of the litigation. *See First National Bank of Montevideo, Min-* *nesota v. Johnson,* 19 B.R. 651 (D.Minn.1982); *Bankr.R.P.* 8003(c).

**2.** 11 U.S.C. § 105(a) provides that "the bankruptcy court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

ened criminal prosecutions". *Downstate Stone Co. v. United States*, 651 F.2d 1234, 1238 (7th Cir.1981). As the stay was improperly entered, it is unnecessary to decide whether the adversary suit brought against the Government by Air Florida violated the doctrine of sovereign immunity. Accordingly, it is

ORDERED AND ADJUDGED that the Final Judgment order of the Bankruptcy Court entered on September 14, 1984 and the order on the United States' motion for rehearing entered on October 5, 1984 are reversed and the stay issued by the Bankruptcy Judge is dissolved.