In re AMERICAN CABINETS & WOODCRAFTING CORPORATION, Debtor.

AMERICAN CABINETS & WOODCRAFTING CORPORATION, Appellant,

v.

POLITO ENTERPRISES, INC., Appellee.

No. 93–106–CIV–FTM–17.

United States District Court, M.D. Florida, Fort Myers Division.

Oct. 21, 1993.

Roger Lee Waltemyer, O'Halloran, Johnson, Waltemyer & Hussey, Ft. Myers, FL, for appellant.

Diane Lynne Jensen, Pavese, Garner, Haverfield, Dalton, Harrison & Jensen, Robert L. Donald, Law Office of Robert L. Donald, Fort Myers, FL, for Polito Enterprises, Inc.

Sara L. Kistler, Tampa, FL, for U.S. Trustee.

## ORDER ON APPEAL

KOVACHEVICH, District Judge.

This cause is before the Court on appeal from the Bankruptcy Court's Order on Motion to Dismiss or Convert Bankruptcy Case dated January 19, 1993. Appellant seeks to appeal that portion of Judge Paskay's order which requires repayment of salaries and bonuses paid to David C. Powell and Jack R. Powell, Jr., without court authorization.

Appellant contends that the Bankruptcy Code does not require authorization by the Court for compensation to these individuals, the Debtor's corporate Vice Presidents, or, in the alternative, that a response within ten (10) days to the order requiring application for authorization should be deemed timely.

■ Before reaching the merits of Appellant's arguments, this Court must first determine whether it has jurisdiction to hear the appeal. Federal district courts have jurisdiction to hear appeals from final judgments, orders, and decrees, and with leave of court, from interlocutory orders and decrees, of bankruptcy judges. 28 U.S.C. §§ 157 and 158(a); Bankruptcy Rule 8003. This Court must determine that the bankruptcy court order is a final order appealable by right or an appealable interlocutory order in order to review Judge Paskay's decision.

I. The Bankruptcy Court Order Requiring Repayment of Salaries Paid Without Court Authorization is Not a Final Order.

■ The following concepts form the basis for the Eleventh Circuit's interpreta-

tion of "finality". Under the traditional concept, a final order must end the litigation and leave nothing for the Court to do but execute the judgment. *Charter Co. v. Prudential Ins. Co. (In re Charter Co.),* 778 F.2d 617 (11th Cir.1985). In bankruptcy proceedings, it is generally the particular adversary proceeding which must have been resolved rather than the entire bankruptcy litigation. *In re Saco Local Development Corp.,* 711 F.2d 441, 443–46 (1st Cir.1983); *United States v. Air Florida, Inc.,* 48 B.R. 749, 750 (S.D.Fla.1984). For an order to be final, the bankruptcy court must have resolved the litigation, decided the merits, determined the rights of the parties, settled liability, or established damages. But an order is not final if it only disposes of an incidental procedural issue during the bankruptcy proceedings. *Providers Benefit Life Ins. Co. v. Tidewater Group, Inc. (In re Tidewater Group, Inc.),* 734 F.2d 794, 796 (11th Cir.1984).

■ In addition, the collateral order doctrine and the Forgay–Conrad rule apply when reviewing the finality of bankruptcy decisions. *Growth Realty Companies v. Regency Woods Apartments (In re Regency Woods Apartments, Ltd.),* 686 F.2d 899, 902 (11th Cir.1982). The collateral order doctrine provides that an order resolving issues independent and easily separable from the other claims in the action may be reviewed if delay would prejudice important interests of the parties and if practical rather than technical factors also favor immediate review. *Cohen v. Beneficial Industrial Loan,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). The Forgay–Conrad rule allows review whenever an order directs "immediate delivery of physical property and subjects the losing party to irreparable harm" if appellate review is delayed until conclusion of the case. *Forgay v. Conrad,* 47 U.S. (6 How.) 201, 12 L.Ed. 404 (1847).

■ When evaluated under the foregoing standards, the bankruptcy court's order requiring repayment of salaries paid without court authorization is not a final order appealable by right. The order has disposed of a discrete but incidental issue and there has been no showing that a delay of appellate review would prejudice important interests of the parties or subject a party to irreparable harm.

II. The Bankruptcy Court Order Requiring Repayment of Salaries Paid Without Court Authorization is Not an Appealable Interlocutory Order.

■ A district court should grant leave to appeal an interlocutory order if: (a) the order involves a controlling question of law, (b) there is a substantial ground for difference of opinion, and (c) an immediate appeal would materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); *In re Charter, Co.,* 778 F.2d 617, 620 fn. 5 (11th Cir.1985); *Providers Benefit Life Ins. Co. v. Tidewater Group, Inc. (In re Tidewater Group, Inc.),* 734 F.2d 794 (11th Cir.1984).

■ The bankruptcy court's order requiring repayment of salaries paid without court authorization does not present a controlling issue of law over which there is substantial ground for difference of opinion among courts. The Bankruptcy Code and Rules (11 U.S.C. §§ 327 and 328, Bankruptcy Rule 2016) and the Local Rules, United States Bankruptcy Court, Middle District of Florida, place responsibility for payment of professionals directly under jurisdiction of the Bankruptcy Court and its orders. These sections permit neither the engaging of professionals nor compensation of the professionals without prior court approval. In addition, well established precedent holds that in bankruptcy proceedings professionals are charged with knowledge of the "prior authorization rule". *Lazar v. Casale (In re Casale),* 27 B.R. 69 (Bankr.S.D.N.Y.1983); *In re Futuronics Corp.,* 655 F.2d 463 (2d Cir.1981). Whether prior court approval is required for compensation for David C. Powell and Jack R. Powell, Jr., is an issue of fact particular and incidental to this litigation. Appellant has failed to show that an immediate appeal of this issue would resolve a controlling issue of law and advance the ultimate termination of the litigation. Accordingly, it is

**ORDERED** that pursuant to Bankruptcy Rule 8003(c) Appellant's notice to appeal be considered as a motion for leave to appeal an interlocutory order of the bankruptcy judge; and it is further

**ORDERED** that this motion be **DENIED** and this cause of action be **DISMISSED**.

**DONE** and **ORDERED**.