RONEY, Circuit Judge:
In this case a bankruptcy judge enjoined a county prosecutor and a complaining witness from continuing a state criminal prosecution on a state grand jury indictment for theft by deception, arising out of worthless checks. The criminal defendant was a debtor in the bankruptcy court, the complaining witness a creditor. A state conviction would mandate restitution to the creditor. The bankruptcy judge thought this result would frustrate his jurisdiction to discharge the debt in bankruptcy although he had not yet decided the debt was dischargeable. We reverse.
Jim Barnette wrote $37,000 worth of bad checks to Montgomery Auto Auction for the purchase of automobiles. Barnette then filed a petition in bankruptcy in the United States Bankruptcy Court for the Middle District of Alabama. A few months later he was indicted by the Montgomery County Grand Jury for theft by deception in violation of Aia.Code § 13A-8-3 (1975). A mandatory provision of the Alabama Code would require restitution by Barnette to Montgomery Auto Auction on conviction under the criminal statute. See Ala.Code § 15-18-67 (1975).
Acting on a complaint filed by Barnette, the bankruptcy court enjoined the owner of Montgomery Auto Auction and the district attorney for Montgomery County from prosecuting Barnette or his wife on the ground the prosecution would in effect collect a debt dischargeable in bankruptcy. The bankruptcy court reasoned that an injunction was necessary to protect any order of discharge that might be entered.
The basic error of the bankruptcy judge was to misjudge the width of his turf. The purpose of bankruptcy is to protect those in financial, not moral, difficulty. The bankruptcy courts were not created as a haven for criminals. See H.R.Rep.No.5%, 95th Cong., 2d Sess., 342, reprinted in [1978] U.S. Code Cong. & Ad.News 5787, 5963, 6299. There is a public interest in every good faith criminal proceeding, especially on the presentment of a grand jury, which overrides any interest the bankruptcy court may have in protecting the financial interest of debtors.
For instance, a former Fifth Circuit decision not available to the bankruptcy court at the time of the injunction held that a federal court may, as a condition of probation, require a criminal offender to make restitution to his victim for losses caused by the offense for which he was convicted, even though the debt occasioned by the offense has been discharged in bankruptcy. United States v. Carson, 669 F.2d 216 (5th Cir. 1982). The Court held that neither the failure of the creditor to protect its rights in the bankruptcy proceeding nor the consequent discharge of the debt barred a criminal court from requiring restitution. Id. at 218. There being no contrary Eleventh Circuit law on this point, we adopt that case as precedent in this Circuit.
That a state court criminal proceeding is involved exacerbates the error under the notions of federalism espoused in Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Contrary to plain *1252 tiffs argument, 11 U.S.C.A. § 105(a) gives a bankruptcy court no more authority to ignore the principles of Younger v. Harris than does the grant of general jurisdiction to a district court. The Younger Court held that a federal court should not enjoin a pending state criminal prosecution except under extraordinary circumstances where there is a great and immediate danger of irreparable harm to plaintiff’s federally protected rights that cannot be eliminated by his defense against a single prosecution. 401 U.S. at 46, 91 S.Ct. at 751. The Fifth Circuit has held that Younger requires a federal district court to determine whether general equitable principles support interference in state criminal prosecutions before reaching the question whether it can act within an exception to the Anti-Injunction Act, 28 U.S.C.A. § 2283. Milner v. Burson, 470 F.2d 870, 874 (5th Cir. 1972), cert. denied, 411 U.S. 981, 93 S.Ct. 2270, 36 L.Ed.2d 958 (1973).[1]
As to the first prong of Younger, there was no great and immediate danger of injury. There had been no criminal conviction and no discharge of the debt. The bankruptcy court reasoned that an injunction was necessary to protect the integrity of its proceedings since if there were a criminal conviction the mandatory restitution sentence would conflict with the discharge order if the debt created by the theft were discharged. As the. appellant’s brief described the rationale: if we had some ham, we could have ham and eggs, if we had some eggs. The threat of injury not only was not immediate, but was hypothetical at best. Because debts created by fraud are not dischargeable in bankruptcy, 11 U.S. C.A. § 523(a)(2)(A), it would seem that any debt created by theft by deception would likewise not be dischargeable. In fact, the beyond a reasonable doubt standard of proof required in the criminal proceeding could well result in acquittal on criminal charges, yet allow a finding of fraud by the preponderance of the evidence in the civil bankruptcy proceeding that would leave the debt undischarged.
Neither was the injunction necessary to preserve a federally protected right. If there was any doubt when this case was submitted, United States v. Carson, supra, clearly shows that plaintiff does not have a federal right to be protected. If restitution of a debt discharged in bankruptcy may be imposed as part of a federal sentence, certainly such restitution may also be imposed by state courts. No federal right of the debtor is impinged, whether restitution is discretionary or mandatory.
Some district courts have interfered with state criminal proceedings only where subversion of the criminal process to collect debt was found. In re Penny, 414 F.Supp. 1113 (W.D.N.C.1976); Reid v. Young, 9 B.R. 830 (Bkrtcy.M.D.Ala.1981); In re Lake, 11 B.R. 202 (Bkrtcy.S.D.Ohio 1981); In re Caldwell, 5 B.R. 740 (Bkrtcy.W.D.Va.1980). If Barnette believed the prosecution for theft was a subterfuge for collection of a debt, he could have raised the issue as a defense in the state criminal proceeding. See Tolbert v. State, 294 Ala. 738, 321 So.2d 227, 232 (1975). In Younger terms, Barnette may have contested the purported debt collection in a single criminal proceeding. In any event, there was no finding of abuse of the criminal process made in the instant case. The bankruptcy judge’s concern was that “[t]he necessary effect of conviction then, is to collect a debt dis-chargeable in bankruptcy.”
Although no appellate court opinions have been cited by the debtor to support his position, we recognize that several district or bankruptcy court opinions have indicated the bankruptcy court has an overriding interest when restitution of discharged debts may result from the state criminal process. Evans v. Godfrey, 472 F.Supp. 364, 366-68 (M.D.Ala.1979); Bray v. Holley, 12 B.R. 359 (Bkrtcy.M.D.Ala.1981). Contra, Porter v. Gaston, 462 F.Supp. 370 (E.D.Ark.1978); In re Button, 8 B.R. 692 (Bkrtcy.W.D.N.Y.1981).
*1253 In view of the controlling effect of the Carson decision on this case, we need not dwell on the fact that the injunction was overly broad. It affected portions of the Alabama criminal statute involving possible fine and imprisonment, Ala.Code §§ 13A-5-6{a)(2), -11(a)(2) (1975), in which the bankruptcy court had no conceivable interest. The injunction was in permanent form so that it would, unless modified, prevent the state criminal prosecution even if the bankruptcy court later determined the debt to be nondischargeable.
The injunction entered by the bankruptcy court is hereby dissolved. The mandate shall issue immediately.
REVERSED AND RENDERED.

. The Eleventh Circuit, in the en banc decision of Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981), adopted as precedent the decisions of the former Fifth Circuit.