**In re Saul FRANCES, Debtor.**

**Saul FRANCES, Plaintiff,**

**v.**

**Janet RENO, State Attorney of the Eleventh Judicial Circuit of Florida, Edwards & Edwards Corp., and Moises Maya, Defendants.**

**Bankruptcy No. 84–00973–BKC–TCB.**
**Adv. No. 84–0623–BKC–TCB–A.**

United States Bankruptcy Court,
S.D. Florida.

Nov. 30, 1984.

Ashley L. Diener, South Miami, Fla., for debtor/plaintiff.

Willard K. Splittstoesser, Asst. State Atty., Miami, Fla., for defendants.

## ORDER DISMISSING COMPLAINT

THOMAS C. BRITTON, Bankruptcy Judge.

This matter came before the court on the debtor's complaint seeking to enjoin the State Attorney and complaining witnesses from prosecuting the debtor in criminal proceedings arising out of worthless check charges. The matter was heard on November 21.

This debtor filed a petition under chapter 11 on May 23, 1984. A plan and disclosure statement have not been filed. There has been no discharge of the debts based on the worthless checks which are the subject of the criminal proceedings.

It is the debtor's position that this court should exercise its authority under 11 U.S.C. § 105 to enjoin the criminal prosecutions which will frustrate the purposes of bankruptcy protections if the complaining witnesses are allowed to obtain collection of their claims through restitution. The debtor alleges that a factual determination concerning the motivation of the complaining witnesses is relevant to his theory for relief. I disagree.

I have not overlooked the bankruptcy court cases cited by the debtor. However, I am bound to follow the decisions of the Eleventh Circuit. In *Barnette v. Evans*, 673 F.2d 1250, 1251 (11th Cir.1982), the court held that:

"There is a public interest in every good faith criminal proceeding ... which over-

rides any interest the bankruptcy court may have in protecting the financial interest of debtors."

Under the guidelines of *Barnette*, the issue of whether or not the complaining witnesses are seeking restitution is irrelevant.

Therefore, the request for injunctive relief is denied, and this complaint is dismissed with prejudice.