In re HEART OF THE CITY, INC., Debtor.

HEART OF THE CITY, INC., Plaintiff,

v.

Janet RENO, in her capacity as State Attorney for the State of Florida, and all Assistant State Attorneys, Defendants.

Bankruptcy No. 85–00592–BKC–AJC.
Adv. No. 85–0628–BKC–AJC–A.

United States Bankruptcy Court, S.D. Florida.

June 4, 1985.

Andrew J. Nierenberg, Britton, Cohen, Cassel, Kaufman & Schantz, P.A., Miami, Fla., for debtor/plaintiff.

Willard K. Splittstoesser, Asst. State Atty., Miami, Fla., for defendants.

## ORDER DISMISSING COMPLAINT

A. JAY CRISTOL, Bankruptcy Judge.

This cause came on to be heard on May 9, 1985. The debtor-plaintiff, Heart of the City, Inc., is the debtor-in-possession in the above-styled bankruptcy proceeding. It filed its petition for relief under chapter 11 of the United States Bankruptcy Code on March 21, 1985, thereby activating the automatic stay provision of 11 U.S.C. § 362(a)(1).

■ On May 7, 1985, debtor filed an emergency verified motion for preliminary and permanent injunctive relief from state criminal proceedings against its key officers relating to prosecution of "bad check" charges. Debtor submits that pursuant to 11 U.S.C. § 105, this court may properly enjoin the prosecutor from proceeding in a criminal prosecution. Debtor relies on 11 U.S.C. § 105 to establish the bankruptcy court's power to issue any order necessary to carry out provisions of the Bankruptcy Code. Debtor claims that such power is broad enough to enjoin criminal prosecution. The court agrees that the power exists. But, this power should not be exercised except where the purpose of the criminal proceeding is to obtain payment of a debt in contravention of the bankruptcy laws. See *In the Matter of Ohio Waste Services, Inc.*, 23 B.R. 59 (Bankr.S.D.Ohio, W.D.1982) and the cases cited therein.

As recently as November 30, 1984, the Honorable Thomas C. Britton, Chief Judge of this division, held that a similarly situated debtor was not entitled to injunctive relief. *In re Saul Frances*, 44 B.R. 1016 (Bankr.S.D.Fla.1984). Judge Britton felt bound to follow the decisions of the Eleventh Circuit. This court feels no less bound to do so.

In *Barnette v. Evans*, 673 F.2d 1250, 1251 (11th Cir.1982), the court held that: "There is a public interest in every good faith criminal proceeding ... which overrides any interest the bankruptcy court

may have in protecting the financial interest of debtors."

Therefore, according to this circuit's settled caselaw, it is ORDERED that debtor's complaint for injunctive relief is denied with prejudice.