**In re Jonas BLAIR, Jr., Debtor.**

**Jonas BLAIR, Jr., Plaintiff,**

v.

**STATE OF ALABAMA, Defendant.**

**Bankruptcy No. 86–01838.
Adv. No. 86–0181.**

United States Bankruptcy Court,
N.D. Alabama.

July 9, 1986.

Harry P. Long, Anniston, Ala., for debtor.

Carolyn Morgan, for defendant State of Alabama.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

L. CHANDLER WATSON, Jr., Bankruptcy Judge.

The debtor, Jonas Blair, Jr., commenced this case by a petition filed under title 11, chapter 13, United States Code, on March 6, 1986, and the case remains pending under said chapter.

The above-styled adversary proceeding was commenced by the debtor seeking a determination of the scope of the automatic stay provided by 11 U.S.C. § 362(a) and the exceptions to the automatic stay contained in subsection (b) of 11 U.S.C. § 362. There is no dispute as to the facts involved in the instant adversary proceeding. The debtor has filed a motion for summary judgment and both parties have submitted briefs in support of their respective positions.

*Findings of Fact—*

The uncontraverted facts are that the defendant, State of Alabama, caused to be issued an execution out of the Circuit Court of Calhoun County, Alabama, for the sheriff of Calhoun County to sell to the highest bidder for cash at public sale all of the debtor's right, title, and interest in and to certain real property of the debtor to satisfy a criminal fine of $25,000 levied against the debtor. Before the sale was conducted the debtor filed a voluntary petition pursuant to 11 U.S.C. § 301 commencing the above-styled case under 11 U.S.C. chapter 13. The sale was postponed due to a legal dispute between the parties concerning the scope of the stay provided by 11 U.S.C. § 362(a), which arose automatically upon the filing of the debtor's petition under 11 U.S.C. § 301, and the scope of the exceptions to the stay set forth in 11 U.S.C. § 362(b). The defendant timely filed herein a proof of its claim.

*Conclusions by the Court—*

The sole issue is whether the exceptions to the automatic stay under 11 U.S.C. § 362(b) would allow the defendant, State of Alabama, under the facts presented, to collect a fine levied against the debtor. The Court finds that they would not.

The case of *Barnette v. Evans,* 673 F.2d 1250 (11th Cir.1982), relied upon by the defendant, is not controlling in this adversary proceeding. In *Barnette,* the bankruptcy court enjoined the continuation of a state criminal prosecution of the debtor on a theft by deception charge, conviction on which would mandate restitution to the creditor. 673 F.2d at 1251. On appeal, the Court of Appeals for this Circuit reversed, at least in part, due to the failure of the bankruptcy judge properly to judge "the width of his turf." 673 F.2d at 1251.

Here, that is not the issue. The stay imposed upon the defendant was, and is, imposed by Congress—not by this Court. The provisions of the automatic stay under 11 U.S.C. § 362(a) are certainly broad enough to encompass the actions taken, and proposed to be taken, by the defendant, and it does not appear to the Court that any of the exceptions set forth in 11 U.S.C. § 362(b) would apply.

Subsections (b)(1), (4), and (5), upon which the defendant relies, provide as follows:

(b) The filing of the petition under § 301 ... does not operate as a stay—

(1) Under subsection (a) of this section, of the commencement or continu-

**652**

ation of a criminal action or proceeding against the debtor; ...

    (4) Under subsection (a)(1) of this section, of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory powers;

    (5) Under subsection (a)(2) of this section, of the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory powers; ....

■ Section 362(b)(1) is by its terms applicable only with respect to criminal proceedings "against the debtor." "Debtor" is defined by 11 U.S.C. § 101(12) to mean "person or municipality concerning which a case under [title 11] has been commenced." The definition of "person" cannot be construed to include the debtor's real property. *In re Ryan*, 15 B.R. 514, 519 (Bk.D.Md. 1981).

■ The proposed sale of the debtor's real property by the defendant does not fall within the exception to the stay set out in 11 U.S.C. § 362(b)(4). This exception is expressly limited to actions against the debtor stayed by 11 U.S.C. § 362(a)(1), rather than actions against the debtor's property or property of the estate stayed under other subsections of 11 U.S.C. § 362(a). The stay imposed by 11 U.S.C. § 362(a)(2), (3), and (4) is unaffected by the § 362(b)(4) exception to the stay.

■ Likewise, the proposed forced sale of the debtor's real property is not within the exception set out in 11 U.S.C. § 362(b)(5). This exception does not apply to the enforcement of a "money judgment." By its very definition, a fine is a money judgment: "A pecuniary punishment imposed by lawful tribunal upon person convicted of crime or misdemeanor. A precuniary penalty." *Black's Law Dictionary*, page 569 (5th edition 1979).

■ Under the United States Constitution, Article I, § 8, Congress surely possesses the authority to enjoin the defendant, State of Alabama, from conducting the proposed sale of the debtor's real property. Congress has exercised such authority in 11 U.S.C. § 362(a). Congress has also provided a scheme for payment of the claim of the defendant, State of Alabama. Under 11 U.S.C. § 1325(a)(4), the defendant, as an unsecured claim holder, will receive "not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of [11 U.S.C.] on such date." Fourth in order of payment in a chapter 7 liquidation case is "any allowed claim, whether secured or unsecured, for any fine ... arising before the earlier of the order for relief or the appointment of the trustee, to the extent that such fine ... [is] not compensation for actual pecuniary loss suffered by the holder of such claim." 11 U.S.C. § 726(a)(4). It is clear from the order of distribution established by Congress that claims for fines are to be treated as inferior and subordinate to the claims of the other unsecured creditors in chapter 7 cases, which is counter to any thought that collection of a criminal fine is given any favored or protected status in a bankruptcy case.

To give "free rein" to the State for collection of its claim (for a criminal fine) would promote this creditor's claim ahead of the claims of other creditors and defeat the congressional provisions for "treatment" of the claim under a chapter 13 plan. See 11 U.S.C. §§ 1322 and 1325.

The judgment will be entered in favor of the plaintiff, Jonas Blair, Jr., in accordance with these findings of fact and conclusions of law.