In the Matter of INVESCO INTERNATIONAL CORPORATION, Debtor.

In the Matter of INVESCO COAL PROCESSING CO., Debtor.

In the Matter of CORTLAND COAL CO., INC., Debtor.

In the Matter of INVESCO INTERNATIONAL CORPORATION OF ALABAMA NO. 4, Debtor.

In the Matter of INVESCO INTERNATIONAL CORPORATION OF ALABAMA NO. 5, Debtor.

In the Matter of INVESCO OF INDIANA, INC., Debtor.

Bankruptcy Nos. A83–00539–WHD, A83–00120–WHD to A83–00123–WHD and A83–00490–WHD.

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Nov. 23, 1988.

James Timothy White, Andrea M. Madigan, Hurt, Richardson, Garner, Todd & Cadenhead, Atlanta, Ga., for Bruce R. Davis.

Stephen V. Kern, McLain & Merritt, P.C., Atlanta, Ga., for Elmer Buchta, Jr. and Buchta Trucking, Inc.

## ORDER

W. HOMER DRAKE, Jr., Bankruptcy Judge.

On August 24, 1988, the Court conducted a hearing on the motions of Bruce R. Davis, a party-in-interest in the above-referenced Chapter 7 proceedings, for the assessment of damages and for contempt against Elmer Buchta, Jr. and Buchta Trucking, Inc. pursuant to 11 U.S.C. § 362(h). Davis, a principal of the related Chapter 7 debtors, whose cases were consolidated for purposes of administration, asserted that Buchta violated the automatic stay by instigating or participating in criminal proceedings against Davis for the purpose of collecting a debt owed by the debtors.

At the hearing, the Court questioned whether Buchta's participation in the state court proceedings could be deemed to be a violation of the stay in light of the facts that Davis himself is not a debtor in a bankruptcy case, and that the automatic stay in effect as to the corporations in which Davis is a principal does not apply as to proceedings against Davis personally, unless Davis sought an injunction of such actions under § 105. Furthermore, the Court noted that criminal proceedings are excepted from the operation of the stay by § 362(b)(1). The Court therefore held that sanctions for violation of the stay would not be imposed in this case. See Transcript of Hearing of August 24, 1988 (hereinafter "Transcript") at pp. 10 and 14. See also In re Kavoosi, 55 B.R. 120 (Bankr.S.D.Fla. 1985) (even if a creditor's primary motiva-

tion in assisting a criminal prosecution of a debtor is to recover some of his loss, such conduct is not a sanctionable violation of the stay). However, by consent of all parties, Davis was permitted to orally amend his pleadings to seek, under § 105, an injunction of the criminal proceeding or of Buchta's furtherance of the prosecution of such proceeding. See Transcript at p. 15. The facts underlying this matter are as follows.

Buchta began doing business with the debtors, Invesco International Corporation and its related entities, in 1980 and continued to haul coal for the debtors through December of 1982. The balance on the debtors' account with Buchta rose as high as $500,000.00 during this time.

In late 1982, four checks which had been issued by the debtor to Buchta for payment on the corporate account were returned due to insufficient funds. See Transcript at pp. 26–28. The amount of the four checks totaled $163,000.00. The signature of Davis, as president of the corporation, appears on the checks by facsimile stamp, although Davis testified that his facsimile signature was only authorized for payroll checks. See Transcript at pp. 26, 34.

In early 1983, after Buchta filed writs of attachment against certain accounts receivable due the debtors, the debtors filed their bankruptcy petitions. See Transcript at pp. 23–24. In March of 1983, Buchta executed an affidavit for arrest warrants in the prosecutor's office for Pike County, Indiana, to charge Davis with a misdemeanor offense based upon the four bad checks issued by the debtor corporations to Buchta.

Both Buchta and the county prosecutor, Mark K. Sullivan, testified that the subject of the possibility of a criminal action against Davis was first discussed at a social gathering at which there was a conversation about bad or uncollectible debts and bankruptcies. See Transcript at pp. 49–50, 69–70. Mr. Sullivan, who became prosecuting attorney for the county in January of 1983, also has a private practice, and he, or other members of his firm, have represented Buchta or Buchta's father in cases

which included debt collection cases. *See* Transcript at pp. 67–68.

In 1987, Sullivan became aware that a statute of limitations period was near its end on Buchta's affidavits, and his office prepared a new probable cause affidavit which requested an arrest warrant for the upgraded crime of felony theft. Sullivan contacted Buchta, who signed the new affidavit in September of 1987. *See* Transcript at pp. 74–75.

Sometime after signing the new affidavit, Buchta notified Sullivan that Davis would be present in the state of Indiana at a certain time so that an arrest warrant could be served upon Davis. *See* Transcript at p. 76. In fact, Davis was in Indiana to appear at a hearing relating to a RICO suit which had been filed against him by Buchta. *See* Transcript at pp. 29–31. During this time, Davis met with the prosecutor who advised Davis that the criminal charges would be dropped if Davis paid $163,000.00 to Buchta as restitution. *See* Transcript at pp. 33–34. Sullivan's policy in first offense bad check cases is to drop the charges if the checks are paid. *See* Transcript at pp. 78, 80.

Davis asserts that the criminal proceeding instigated by Buchta is a bad faith attempt to collect a corporate debt and that Buchta's participation in the proceeding should be enjoined under 11 U.S.C. § 105(a), which authorizes this Court to issue any order that is necessary or appropriate to carry out the provisions of the Bankruptcy Code.

Buchta argues that an injunction under § 105 is not appropriate as to an action which does not prejudice any reorganization efforts and that no reorganization attempts are being thwarted by the criminal action against Davis since the underlying corporate bankruptcy cases are Chapter 7 liquidations in which final reports have been filed by the trustee. Thus, Buchta argues, an injunction of the criminal proceeding has not been shown to be necessary to prevent irreparable harm to the debtors.

If Buchta is asserting that § 105 has no applicability in Chapter 7 liquidation cases, as opposed to Chapter 11 reorganizations, the Court disagrees. If the spirit of the Code's automatic stay provisions is being violated or circumvented by a creditor's harassment of a debtor corporation's principal officer in an attempt to collect a corporate debt, an injunction against such harassment may be "necessary or appropriate" under § 105. However, when the actions sought to be enjoined involve a state criminal proceeding, the Court's authority to issue the injunction is limited by the principles enunciated in *Barnette v. Evans*, 673 F.2d 1250 (11th Cir.1982).

In *Barnette*, the Court of Appeals dissolved an injunction issued by a bankruptcy court which enjoined a county prosecutor and a complaining witness from continuing a prosecution against a debtor for theft relating to bad checks. The *Barnette* Court held that the notions of federalism espoused in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) are applicable when a bankruptcy court is asked to enjoin a state criminal proceeding:

> Contrary to plaintiff's arguments, 11 U.S.C. § 105(a) gives a bankruptcy court no more authority to ignore the principles of *Younger v. Harris* than does the grant of general jurisdiction to a district court. The *Younger* Court held that a federal court should not enjoin a pending state criminal prosecution except under extraordinary circumstances where there is a great and immediate danger of irreparable harm to plaintiff's federally protected rights that cannot be eliminated by his defense against a single prosecution. 401 U.S. at 46, 91 S.Ct. at 751.

*Barnette*, 673 F.2d at 1251–52. The Court also stated: "There is a public interest in every good faith criminal proceeding ... which overrides any interest the bankruptcy court may have in protecting the financial interest of debtors." 673 F.2d at 1251.

Davis asserts that the *Barnette* decision should not foreclose this Court from issuing an injunction against the criminal prosecution because the prosecution is in bad faith. The Court would agree that the facts shown by Davis include some indicia of bad faith, such as the business and

social ties that exist between the prosecutor and the complaining witness and the fact that the prosecution is based on facsimile signatures on corporate checks. However, even if bad faith were clearly shown, the *Barnette* decision requires an additional showing of an immediate danger of irreparable harm to a criminal defendant's federally protected rights which cannot be eliminated by raising the issues in question as a defense in the criminal proceeding. *See Matter of Tenpins Bowling, Ltd.*, 32 B.R. 474, 480 (Bankr.M.D.Ga.1983) (stating that *Barnette*, in addition to requiring a showing of bad faith, requires the debtor to show that he could not raise the debt collection defense in the criminal proceeding). No such showing has been made by Davis in this case. In particular, Davis cannot prove the element of irreparable injury when these Chapter 7 cases are almost ready to be closed, and the prosecution against Davis, a non-debtor, will not delay such action. Even if Davis feels that the criminal prosecution is in bad faith or is a subterfuge for debt collection, he has not shown that these issues cannot be raised in the state court. An injunction of the criminal proceedings is not appropriate under these circumstances under the principles of *Barnette*. *See also In re Heart of the City, Inc.*, 52 B.R. 108 (Bankr.S.D.Fla.1985) (refusing to enjoin bad check prosecution against debtor's officers).

Davis argues that his request for an injunction is distinguishable from the situation in *Barnette* because Davis is seeking to enjoin the complaining witness from further participation in the prosecution rather than seeking to specifically enjoin the prosecution. Contrary to this assertion, *Barnette* appears to have involved a similar injunction against a complaining witness, and, in any event, the Court is of the opinion that the concerns and limitations expressed in *Barnette* are applicable whenever an injunction would have the effect of enjoining a state criminal prosecution.

Accordingly, it is ORDERED that the motion of Bruce R. Davis for the assessment of damages against Elmer Buchta, Jr. and Buchta Trucking, Inc. and for contempt is DENIED and that no injunction shall be issued against the continuation of the criminal prosecution against Davis; and it is

FURTHER ORDERED that the Clerk shall serve a copy of this Order upon the debtor, Bruce R. Davis, Elmer Buchta, Jr., the Trustee, and their respective counsel.

IT IS SO ORDERED.