In re Roger and Julie WOODSIDE,
Debtors.

Roger WOODSIDE, Movant,

v.

COUNTY OF WILLIAMSON,
ILLINOIS, Respondent.

Bankruptcy No. BK 92–41365.

·United States Bankruptcy Court,
S.D. Illinois.

Jan. 10, 1994.

Donald Samson, Belleville, IL, for debtor.

Williamson County State's Atty. Charles Garnatti, Marion, IL, for respondent.

*OPINION*

KENNETH J. MEYERS, Bankruptcy Judge.

Debtors, Roger and Julie Woodside, filed a Chapter 13 bankruptcy petition on October 23, 1992, and listed a debt of $952.80 owed to Williamson County, Illinois, as a traffic fine imposed against Roger Woodside for carrying an overweight load. On January 20, 1993, the debtors' plan was confirmed providing for 10% payment to unsecured creditors, including Williamson County. Subsequently,

in April 1993, debtor Roger Woodside received notice of a show cause hearing to be held on May 12, 1993, in Williamson County Circuit Court regarding his nonpayment of the traffic fine. Woodside's attorney contacted the Williamson County State's Attorney's office and forwarded copies of the notice of stay in his bankruptcy proceeding, as well as the Chapter 13 plan and the order confirming plan.

When the debtor failed to appear at the show cause hearing on May 12, the state court judge ordered that a bench warrant be issued against him. Woodside's attorney filed a motion to set aside the bench warrant and stay the action against the debtor. Hearing was held on this motion on May 26, 1993, and the debtor's attorney was given 10 days to submit authority concerning propriety of the stay. Finally, at hearing on June 29, 1993, the state court denied the debtor's motion to stay the action, and a bench warrant was issued against Roger Woodside at that time.

The debtor has filed a motion in this Court to enforce the automatic stay and to impose sanctions against Williamson County. He contends that Williamson County violated the automatic stay of § 362(a) in attempting to collect a prepetition debt and that the show cause action brought by the County, which sought to enforce a money judgment, did not come within the exceptions to stay of § 362(b). The debtor requests that the County be enjoined from taking further action against him and that it be assessed attorney's fees and damages for its willful violation of the stay.

Williamson County does not deny that the show cause action violated the stay but asserts that no sanctions should be imposed because it was required by the state court judge to pursue the enforcement action against the debtor. At hearing in this Court on the debtor's motion, counsel for the County conceded that there "would have to be a joint involvement" between the State's Attorney's office and the state court in collecting fines and that "it [the show cause proceeding] was not all the judge's doing."

■ Section 362(a) provides with certain exceptions that the filing of a bankruptcy petition operates to stay all proceedings to recover a claim against the debtor and, in particular, the enforcement of a judgment obtained before commencement of the case. *See* 11 U.S.C. § 362(a)(1), (2). Section 362(b) sets forth exceptions to the automatic stay, allowing for commencement or continuation of criminal actions against the debtor, 11 U.S.C. § 362(b)(1), and actions by a governmental unit to enforce its police or regulatory powers. 11 U.S.C. § 362(b)(4). Section 362(b)(5) provides that the filing of a petition does not stay

> the enforcement of a judgment, *other than a money judgment*, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

11 U.S.C. § 362(b)(5) (emphasis added). Section 362(b)(5) thus provides an "exception to the exception" for enforcement actions by governmental units, allowing these entities to enforce prepetition judgments unless such actions are for the collection of money.

In this case, it is not contested that the traffic fine, which had been imposed against the debtor at the time of bankruptcy, constituted a money judgment. *Cf. In re Blair*, 62 B.R. 650, 652 (Bankr.N.D.Ala.1986) (a fine, by its very definition as "pecuniary punishment," is a money judgment). Since the judgment was for monetary relief rather than injunctive or declaratory relief, the County's enforcement did not come within the exception to stay of § 362(b)(5) for governmental creditors. *See In re Colon*, 102 B.R. 421, 427 (Bankr.E.D.Pa.1989). Thus, in seeking to collect this judgment by means of its show cause action, the County violated the stay provision of § 362(a)(2), which forbids enforcement of a judgment obtained prior to bankruptcy.

■ Under § 362(c), the automatic stay of § 362(a) continues until the earliest of the time a bankruptcy case is closed or dismissed or, in a case under Chapter 13, the time a discharge is granted or denied. *See* 11 U.S.C. § 362(c)(2)(C). In the present case, none of these events has occurred, and the automatic stay remains effective. The County, therefore, is enjoined from taking action

to compel payment of the traffic fine against the debtor absent further order of the Court.

 Section 362(h) provides that an individual injured by a "willful violation" of the stay shall recover damages, including costs and attorneys' fees. 11 U.S.C. § 362(h). No specific intent is required for a violation to be "willful." Rather, a violation is "willful" if the offending party knew of the bankruptcy filing and stay but nevertheless acted intentionally in proceeding against the debtor. *See id.* at 429 (violation was willful where there was deliberateness of conduct coupled with knowledge of the bankruptcy filing); *see also In re Bloom,* 875 F.2d 224 (9th Cir. 1989).

Here, the County proceeded with the show cause action despite having been informed of the bankruptcy stay by the debtor's counsel prior to the May 12, 1993, hearing. While the County attempts to excuse its conduct as having been required by the state court judge, the County was, at minimum, jointly responsible for pursuing the enforcement action against the debtor. The filing of a show cause action is a prosecutorial rather than a judicial function, and the County's contention that it did not act voluntarily in proceeding against the debtor is suspect at best. Rather, the County admits to a "joint involvement" in the show cause action and acknowledges that the state court judge could not have pursued the action on his own. The Court finds, therefore, that the County was a willing participant in the collection action against the debtor and that its conduct constituted a willful violation of the stay.

Under § 362(h), sanctions for violation of the stay may include compensatory damages, including costs and attorney fees, as well as punitive damages. No prayer is made for punitive damages, and the Court finds that such damages would be inappropriate. Additionally, although neither party has addressed the issue, there is some question as to whether compensatory damages may be

imposed against the County as a governmental entity entitled to sovereign immunity. *See In re Colon,* 114 B.R. 890, 893–98 (Bankr.E.D.Pa.1990).[1] The debtor has submitted no evidence of damages resulting from lost wages, and the Court, accordingly, makes no award of damages for lost wages. The debtor has, however, submitted an affidavit of attorneys' fees and costs incurred in defending the show cause action in state court. Attorneys' fees are in the nature of prospective relief and, as such, are not barred by sovereign immunity. *See id.* at 892. The Court, therefore, awards the debtor his costs and attorneys' fees in defending the show cause action in state court in the total amount of $1,328.75.

---

1. The *Colon* court concluded that, even though sovereign immunity barred imposition of damages against a state entity under § 362(h), compensatory damages could be imposed pursuant to the court's civil contempt power, which remained viable notwithstanding enactment of § 362(h). *See Colon,* 114 B.R. at 898; *see also In re Price,* 130 B.R. 259 (N.D.Ill.1991) (governmental unit may waive sovereign immunity to imposition of damages for wilful violation of automatic stay under 11 U.S.C. § 106 by filing proof of claim in bankruptcy proceeding).