In re PURITY, INC., Debtor.

Michael KOVEN, Plaintiff,

v.

Kenneth COX, Jr., B & D Plastics, Inc., and Kathleen F. Rundle, State Attorney, Defendants.

Bankruptcy No. 95–11837–BKC–AJC.
Adv. No. 95–1361–BKC–AJC–A.

United States Bankruptcy Court, S.D. Florida.

Oct. 19, 1995.

Joanne Gelfand, Snow Becker Krauss, P.C., New York City, for plaintiff Michael Koven.

Allison R. Day, Miami, FL, for Unsecured Creditors Committee.

Barbara L. Phillips, Phillips and Phillips, P.A., Miami, FL, for Kathleen F. Rundle.

Thomas L. David, Miami, FL, for debtor Purity, Inc.

### ORDER DENYING MICHAEL KOVEN'S VERIFIED EMERGENCY MOTION FOR INJUNCTIVE RELIEF AS TO KATHLEEN F. RUNDLE, STATE ATTORNEY

A. JAY CRISTOL, Chief Judge.

**THIS MATTER** came on before the Court on October 12, 1995 upon Michael Koven's Verified Emergency Motion for Injunctive Relief against **KATHLEEN F. RUNDLE,** State Attorney for the State of Florida.

Movant, **MICHAEL KOVEN,** was at all material times the comptroller of the Debtor, its Chief Financial Officer, and responsible for signing checks on behalf of the Debtor. **KOVEN** seeks assessment of fees, costs and damages, a cease and desist order from the prosecution of **KOVEN** under the Florida Worthless Check Statute, a sealing of any criminal file relating to certain worthless checks, and to enjoin the State of Florida from any future action against **KOVEN.**

The genesis of this controversy is the Debtor's issuance and delivery of the following checks on the following dates: No. 053156 on April 3, 1995 for $4,636.80; No. 053204 on April 5, 1995 for $4,636.80; No. 053287 on April 13, 1995 for $4,636.80. The signature of **KOVEN,** the corporate debtor's comptroller/Chief Financial Officer, appears on each check. (Koven's Exhibit "A")

The checks were all returned for non-sufficient funds. A complaint was filed with the State Attorney's office against **KOVEN.**

**KOVEN** argues that an injunction under 11 U.S.C. § 105 is appropriate because the State is trying to circumvent the automatic stay imposed under 11 U.S.C. § 362(a)(6). **KOVEN** contends that the State of Florida is acting in bad faith if it prosecutes him under Fla.Stat. 832.01 et seq., pertaining to worthless checks. Rather it is **KOVEN'S** argument that as a representative of the Debtor he has no personal liability under Fla.Stat. 673.4021.

Whether or not this is a viable defense to the worthless check prosecution is a question this Court need not reach. This Court's authority to issue an injunction is limited by the principals set forth in *Barnette v. Evans,* 673 F.2d 1250 (11th Cir.1982).

In *Barnette,* the Court of Appeals dissolved an injunction which had been issued by a bankruptcy court enjoining a county prosecutor and complaining witness from continuing an action against a debtor for theft arising from worthless checks. The *Barnette* Court, citing the United States Supreme Court's decision in *Younger v. Harris,*

401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), found that:

> Contrary to plaintiff's arguments, 11 U.S.C. § 105(a) gives a bankruptcy court no more authority to ignore the principles of *Younger v. Harris* than does the grant of general jurisdiction to a district court. The *Younger* Court held that federal court should not enjoin a pending state criminal prosecution except under extraordinary circumstances where there is a great and immediate danger of irreparable harm to plaintiff's federally protected rights that cannot be eliminated by his defense against a single prosecution. 401 U.S. at 46, 91 S.Ct. at 751. (*id.* at 1251)

■ The Court finds that an injunction under § 105 is not appropriate as to any action which does not prejudice the Debtor's reorganization and a criminal prosecution against a non-debtor, who is currently neither an officer or director cannot be said to be an attempt by the State Attorney to thwart the Debtor's liquidation or restructuring. Therefore, the Court finds there has been no showing of immediate danger or irreparable harm.

KOVEN'S contention that the criminal prosecution is a disguised collection action has not been proven, and by the wildest stretch of the imagination this Court cannot see how the State's Attorney would benefit by same. Rather, the Court finds the State Attorney is carrying out her statutory duties in investigating and pursuing persons who violate laws concerning the issuance of worthless checks.

The Court has on prior occasion considered requests for an injunction of State criminal proceedings. In the case of *In re Heart of the City*, 52 B.R. 108 (Bkrtcy.S.D.Fla.1985) this Court refused to enjoin the criminal prosecution by the State against key officers of the Debtor for the issuance of bad checks. (See also *In re Frances*, 44 B.R. 1016 (Bkrtcy.S.D.Fla.1984)—Individual debtor's prosecution on bad check charges not enjoined.)

Because there has been no showing of irreparable harm which could not be eliminated by raising the issues as a defense in a criminal proceeding, and because this Court is bound by the directive of *Barnette*, that "There is a public interest in every good faith criminal proceeding ... which overrides any interest the bankruptcy court may have in protecting the financial interest of debtors" (or non-debtors), *id.* at 1251 it is thereupon

**ORDERED** that **MICHAEL KOVEN'S** Emergency Motion for Injunctive Relief as to **KATHLEEN F. RUNDLE**, State Attorney, is **DENIED**.

**DONE and ORDERED.**