# United States Court of Appeals for the Federal Circuit

05-1446

ALBERT HAZELQUIST,

Plaintiff-Appellant,

v.

GUCHI MOOCHIE TACKLE COMPANY, INC.,

Defendant,

and

KEN YAMAGUCHI,

Defendant.

Brian G. Bodine, Davis Wright Tremaine LLP, of Seattle, Washington, for plaintiff-appellant.

Appealed from: United States District Court for the Western District of Washington

Judge Ricardo Martinez

# United States Court of Appeals for the Federal Circuit

05-1446

ALBERT HAZELQUIST,

Plaintiff-Appellant,

v.

GUCHI MOOCHIE TACKLE COMPANY, INC.,

Defendant,

and

KEN YAMAGUCHI,

Defendant.

_____

DECIDED: February 9, 2006

_____

Before LOURIE, Circuit Judge, CLEVENGER, Senior Circuit Judge, and BRYSON, Circuit Judge.

CLEVENGER, Senior Circuit Judge.

Plaintiff-Appellant Albert Hazelquist appeals from the May 20, 2005 order of the district court of the Western District of Washington dismissing his claims against Defendant Ken Yamaguchi, Hazelquist v. Guchi Moochie Tackle Co., No. C04-0316 (W.D. Wash. May 20, 2005) (Dismissal), and its June 8, 2005 order denying his motion for reconsideration, Hazelquist v. Guchi Moochie Tackle Co., No. C04-0316 (W.D. Wash. June 8, 2005) (order denying motion for reconsideration). The district court

determined that, because Mr. Yamaguchi's debts had been discharged in bankruptcy as of December 29, 2004, all of Mr. Hazelquist's claims against Mr. Yamaguchi were likewise discharged. However, because Mr. Hazelquist alleges acts of infringement that occurred after Mr. Yamaguchi's bankruptcy discharge, we reverse the district court's dismissal of Mr. Hazelquist's claims.

I

On February 12, 2004, Mr. Hazelquist filed a complaint against Defendants Ken Yamaguchi and Guchi Moochie Tackle Company (Guchi Moochie), of which Mr. Yamaguchi was the operator and sole owner, alleging infringement of United States Patent No. D363,113. Mr. Yamaguchi dismissed his attorneys after the commencement of the suit, and the district court granted their motion to withdraw on August 10, 2004. The district court ordered Guchi Moochie to obtain new counsel within five business days, and when substitute counsel failed to appear, on September 13, 2004, granted Mr. Hazelquist's motion for default against corporate defendant Guchi Moochie, dismissing with prejudice all of Guchi Moochie's counterclaims.

On September 28, 2004, Mr. Yamaguchi filed for Chapter 7 bankruptcy, and proceedings in the instant case were automatically stayed pursuant to 11 U.S.C. § 362. Despite its earlier entry of default against Guchi Moochie, the district court then denied a motion for default judgment against the company, noting that although Guchi Moochie had not declared bankruptcy, its sole owner, Mr. Yamaguchi, had. Noting that a judgment against Guchi Moochie would be "in substance" a judgment against Mr. Yamaguchi, the court determined that it was barred from entering judgment until

resolution of the bankruptcy petition.  Hazelquist v. Guchi Moochie Tackle Co., No. C04-0316 (W.D. Wash. Nov. 17, 2004) (order denying default judgment).

On December 29, 2004, Mr. Yamaguchi obtained a discharge of his debts under 11 U.S.C. § 727, and the district court lifted the bankruptcy stay on April 15, 2005.  On April 29, 2005, noting that "[i]t appears . . . that the instant case was included in the debts and liabilities subject to discharge," the district court ordered Mr. Hazelquist to show cause why the case should not be dismissed.  Hazelquist v. Guchi Moochie Tackle Co., No. C04-0316, slip op. at 1 (W.D. Wash. Apr. 29, 2005) (order to show cause).  In his response, Mr. Hazelquist alleged that after the bankruptcy discharge, Mr. Yamaguchi continued to engage in infringing activities through a sole proprietorship.  However, citing 11 U.S.C. § 524(a), which states that the discharge of a debtor's liabilities in bankruptcy "operates . . . against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor,"  the district court dismissed Mr. Hazelquist's claims.  Dismissal, slip op. at 2 (quoting 11 U.S.C. § 524(a)).  The district court further noted that "[a]lthough, plaintiff argues that his case should be allowed to continue because [defendant] admits to continuing the sales of his allegedly infringing fishing lure, he provides no legal authority for that argument."  Id.  The district court denied Mr. Hazelquist's motion for reconsideration, and on June 20, 2005, Mr. Hazelquist timely filed his notice of appeal to this court.  We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

## II

On appeal, Mr. Hazelquist argues that the district court improperly dismissed his suit, as bankruptcy does not discharge liability for causes of action that arise after debts are discharged in bankruptcy. Mr. Hazelquist further alleges that Mr. Yamaguchi resumed his infringing activities after bankruptcy through a sole proprietorship. Mr. Yamaguchi has not disputed this fact, and, indeed, did not respond to Mr. Hazelquist's appeal to this court.

Filing a petition for bankruptcy, and obtaining a discharge, does not void a complaint that had been filed against the bankrupt party. Under 11 U.S.C. § 362(a)(1), filing a petition for bankruptcy "operates as a stay . . . of (1) the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." Thus, any lawsuit that could have been commenced before the filing of a bankruptcy petition or that asserts a cause of action that arose before the filing of a bankruptcy petition is stayed during bankruptcy proceedings.

The discharge of debt in bankruptcy proceedings serves to lift the automatic stay of section 362. See 11 U.S.C. § 362(c) (2005). Further, under 11 U.S.C. § 524(a)(2), a discharge in bankruptcy "operates as an injunction against the commencement or continuation of an action . . . to collect, recover or offset any such debt as a personal liability of the debtor . . . ." However, just as section 362 only applies to causes of action that arose or could have been commenced prior to filing for bankruptcy, section 524

only applies to debts which arose before the date of discharge.  See 11 U.S.C. § 727 (2005) (governing the conditions under which a discharge is granted, and providing, in relevant part, that "a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter") (emphasis added).

Thus, a discharge in bankruptcy operates as an injunction against a plaintiff asserting a claim for a debt incurred, or a cause of action that arose, before the date of bankruptcy discharge.  It does not act as an injunction against a plaintiff asserting a claim for a debt incurred, or a cause of action that arose, after the date of bankruptcy discharge.

Our case law clearly states that each act of patent infringement gives rise to a separate cause of action.  See Augustine Med., Inc. v. Progressive Dynamics, Inc., 194 F.3d 1367, 1371 (Fed. Cir. 1999) (citing A.C. Aukerman Co. v. R.L. Chaides Constr. Co., 960 F.2d 1020, 1031 (Fed. Cir. 1992)).  Thus, to the extent that Mr. Yamaguchi has engaged in infringing activities since the discharge of his debts, each of those infringing activities gives rise to a cause of action that dates from the moment of infringement, after the discharge of Mr. Yamaguchi's debts.  As Mr. Hazelquist is alleging that Mr. Yamaguchi engaged in infringing activity after the bankruptcy discharge, Mr. Hazelquist has a cause of action, or multiple causes of action, which arose after the bankruptcy discharge and which is not enjoined by section 524.  Thus, Mr. Yamaguchi's bankruptcy discharge did not immunize him from suit for those causes of action that arose after the discharge.  The district court's dismissal was in error, and we reverse.

REVERSE