[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15886
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 5, 2009
THOMAS K. KAHN
CLERK

D. C. Docket Nos. 07-01127-MC-1-KOB,
07-40759-JJR-13

ROBIN TOWNSEND GRIGGS,

                                                            Plaintiff-Appellant,

versus

CITY OF GADSDEN REVENUE DEPT.,
LINDA BARRETT, Revenue Officer,
JACK YOUNG, Revenue Officer,
OFFICE OF ATTORNEY GENERAL
TROY KING,
CITY OF GADSDEN,

                                                            Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(June 5, 2009)

Before BIRCH, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Plaintiff-appellant Robin Griggs ("Griggs") appeals from the district court's grant of summary judgment in this case. For the reasons stated herein, we affirm.

The following facts, either undisputed or as supported by the evidence construed in the light most favorable to Griggs, are relevant to this appeal.

Griggs was the proprietor of the Golden Goose lounge in Gadsden, Alabama. Between August 2004 and April 2007, Griggs was charged and convicted for numerous violations of city ordinances, including multiple failures to file liquor gross receipts affidavits, multiple failures to file occupational license fee returns; failure to file monthly sales tax returns; and doing business without a license. Pursuant to one of her convictions for failure to file liquor gross receipts affidavits, Griggs received a suspended sentence and was placed on probation for 24 months. On March 15, 2007, after finding Griggs guilty of additional violations of City ordinances, the Municipal Court set another hearing for May 15, 2007 to consider revoking Griggs' probation due to her continued failure to file appropriate returns with the City of Gadsden.

On May 1, 2007, Griggs filed a Chapter 13 voluntary bankruptcy petition in

2

the Bankruptcy Court of the Northern District of Alabama.[1]

On May 3rd, 4th, 5th, and 7th, revenue officials from the City of Gadsden, accompanied by a Gadsden police officer, went to the Golden Goose and served Griggs with summonses to appear in Municipal Court on May 15, 2007 for the charges of doing business without a license on each of those days.  Prior to the hearing, revenue officials searched the Golden Goose to confirm that the list of vending machines on Griggs' application for a business license was correct.  On May 15, 2007, the Municipal Court found that Griggs had violated her probation and that she was guilty of doing business without a license.  Because she had violated the terms of her probation, Griggs was put in jail for four days.

On May 8, 2007, Griggs filed an adversary proceeding in the bankruptcy court seeking, inter alia, relief under 11 U.S.C. § 362, alleging that the City and its agents violated the automatic stay in bankruptcy by issuing summonses and prosecuting her for operating a business without a license.[2]  Defendants moved to withdraw the matter from the bankruptcy court and remove it to district court.  The

---

[1] The bankruptcy case was dismissed on or about June 21, 2007, due to Griggs' failure to submit income records.

[2] Griggs also asserted claims under 42 U.S.C. §§ 1983 and 1985 for civil rights violations and claims under Alabama state law for invasion of privacy, malicious prosecution, and negligence.  The district court granted summary judgment on these claims and Griggs does not offer any arguments on appeal challenging this disposition.  Accordingly, Griggs has abandoned these claims.  See United States v. Jernigan, 341 F.3d 1273, 1284 n.8 (11th Cir. 2003).

3

district court granted this motion and removed the case on July 9, 2007.

After the time for discovery had ended, Defendants moved for summary judgment and Griggs responded. The district court granted Defendants' motion, finding, inter alia, that by serving Griggs with the summonses in May of 2007 Defendants did not violate the automatic stay as a matter of law. Specifically, the district court noted that when Griggs filed her Chapter 13 voluntary petition pursuant to 11 U.S.C. § 301, the automatic stay of 11 U.S.C. § 362(a) became operative. The district court, however, also found that serving Griggs with summonses constituted the commencement of criminal proceedings or proceedings by which the City enforces its regulatory power in granting business licenses. Such proceedings, the court noted, are exceptions to the general stay provisions found in 11 U.S.C. § 362(a). See 11 U.S.C. § 362(b) ("The filing of a [bankruptcy] petition . . . does not operate as a stay– (1) under subsection (a) of this section, of the commencement or continuation of a criminal action or proceeding against the debtor . . . [or of] the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's police or regulatory power."); see also Talley v. Ala. Dept. Of Pub. Safety, 472 F. Supp. 2d 1323, 1325 (N.D. Ala. 2007) (noting that "[t]he bankruptcy laws are not a haven for criminal offenders, but are designed to give relief from financial overextension"). As such,

4

the district court found that Griggs failed to present evidence of a violation of the automatic stay and entered summary judgment on that claim. Griggs appeals.

"We review the district court's grant of summary judgment de novo, applying the same legal standards that bound the district court, and viewing all facts and reasonable inferences in the light most favorable to the nonmoving party." Cruz v. Publix Super Markets, Inc., 428 F.3d 1379, 1382 (11th Cir. 2005) (citation and quotation omitted). Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

On appeal, Griggs asserts that the court misapplied the law. Citing to the rule established in Barnette v. Evans, 673 F.2d 1250 (11th Cir. 1982), Griggs argues that a bankruptcy court does have the authority to enjoin criminal proceedings as violative of the automatic stay where (1) the complaining witness brings the criminal proceeding as a "bad faith" subterfuge to collect a debt and (2) the defendant can not raise as a defense in the criminal proceeding the fact that the prosecution was instituted to collect a debt. Griggs asserts that she has presented adequate evidence of Defendants' bad faith, noting that "[i]t is clear from the undisputed facts that the May 3rd, 4th, 5th, and 7th summons [] were served" after Defendants received notice of the petition and Defendants "harassed" Griggs by

5

bringing police officers when they served the summonses and by conducting a "warrantless search" of her place of business.

Griggs' argument is without merit. Even if we assume Griggs' evidence could be interpreted as indicative of Defendants' animus towards Griggs, such evidence is insufficient to establish that Defendants acted in "bad faith" in this context. In order for the Barnette rule to apply, Griggs must present evidence that Defendants invoked the criminal process in bad faith in order to collect a debt which would otherwise have been discharged in bankruptcy. In other words, Griggs must show that Defendants criminally charged her with operating a business without a license in order to frustrate the bankruptcy judge's jurisdiction to discharge her debts. Nothing suggests that Defendants could have recovered any discharged debt as a part of their prosecution of Griggs. The Municipal Court imposed a $500 fine against Griggs for each of the four charges, but, as the Barnette court noted, a bankruptcy court has "no conceivable interest" in any "possible fine [or] imprisonment" which a criminal proceeding may impose. Id. at 1253. Accordingly, because the criminal proceeding at issue could not have been a subterfuge for the collection of a debt, the district court correctly found that the commencement of this proceeding did not violate the automatic stay in bankruptcy.

AFFIRMED.