[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12362
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cr-00072-AT-JKL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BARRINGTON M. HAMILTON,
a.k.a. Jaame Amun Re El,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(March 4, 2019)

Before TJOFLAT, JORDAN, and GRANT, Circuit Judges.

PER CURIAM:

Barrington Hamilton, a.k.a. Jaame Amun Re El, appeals his convictions and sentences after a jury found him guilty of one count of conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349; four counts of bank fraud in violation of 18 U.S.C. § 1344; and five counts of structuring transactions to evade reporting requirements in violation of 31 U.S.C. § 5324(a)(1) and (d).  Hamilton committed these crimes in 2013 and 2014.  Proceeding *pro se*, Hamilton argues for the first time on appeal that his 2012 Chapter 7 bankruptcy discharge should have served as an injunction against his later criminal proceedings.  He maintains that his conviction was *void ab initio* and seeks immediate release.

We review issues raised for the first time on appeal for plain error.  *United States v. Gresham*, 325 F.3d 1262, 1265 (11th Cir. 2003).  To demonstrate plain error, Hamilton must show that: "(1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings."  *Id.*  "An error is not plain unless it is contrary to explicit statutory provisions or to on-point precedent in this Court or the Supreme Court."  *United States v. Schultz*, 565 F.3d 1353, 1357 (11th Cir. 2009).

"The starting point for all statutory interpretation is the language of the statute itself."  *United States v. DBB, Inc*., 180 F.3d 1277, 1281 (11th Cir. 1999).  When the language of the statute is unambiguous, it is the ending point as well.  *Iberiabank v. Beneva 41-I, LLC*, 701 F.3d 916, 924 (11th Cir. 2012).

Section 524 of the Bankruptcy Code establishes the legal effects of a bankruptcy discharge:

> (a) A discharge in a case under this title—
>
> (1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727 . . . of this title, whether or not discharge of such debt is waived; [and]
>
> (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived.

11 U.S.C. § 524.  As the text makes clear, a bankruptcy discharge only bars future proceedings aimed at collecting "debt discharged" in bankruptcy.  It does not, as Hamilton supposes, give a debtor carte blanche to commit fraud in his future life. "The purpose of bankruptcy is to protect those in financial, not moral, difficulty." *Barnette v. Evans*, 673 F.2d 1250, 1251 (11th Cir. 1982).  "The bankruptcy courts were not created as a haven for criminals."  *Id.*

Moreover, the Bankruptcy Code states that a discharge only applies to "debts that arose before the date of the order for relief."  11 U.S.C. § 727(b).  Debt incurred after discharge is not "debt discharged" in bankruptcy, so the protections of § 524 do not apply.  *See Hazelquist v. Guchi Moochie Tackle Co.*, 437 F.3d 1178, 1181 (Fed. Cir. 2006) (holding that a debtor's "bankruptcy discharge did not immunize him from suit for . . . causes of action that arose after the discharge").

3

Here, the jury convicted Hamilton of criminal acts that he committed in 2013 and 2014—long after he received his bankruptcy discharge in January 2012. Hamilton's bankruptcy discharge could not have operated as an injunction against his later, unrelated criminal proceedings.

Of course there cannot be plain error when there is no error at all, but we also note that even if Hamilton's particular argument did not fail based on the text of the statute and the timing of his crimes, he could not support his plain error argument with any precedent: our precedents do not establish that a bankruptcy discharge can enjoin a federal fraud prosecution or void a prison sentence. To the contrary, we have said that there is "a public interest in every good faith criminal proceeding, especially on the presentment of a grand jury, which overrides any interest the bankruptcy court may have in protecting the financial interest of debtors." *Barnette*, 673 F.2d at 1251. We have observed that a bankruptcy court has "no conceivable interest" in enjoining "portions of [a] criminal statute involving possible fine and imprisonment." *Id.* at 1253. Accordingly, we AFFIRM.