In re Ted Lamar JONES, Debtor.

Ted Lamar Jones, Plaintiff,

v.

J. Dale Mann; Dodd's Builder's Supply, Inc.; Bankston Lumber Company; Richard Milam, in his capacity as District Attorney for the Towaliga Judicial Circuit; Howard Simms, in his capacity as District Attorney for the Macon Judicial Circuit; Kelly Burke, in his capacity as District Attorney for the Houston Judicial Circuit, Defendants.

Bankruptcy No. 99–55074–JDW.
Adversary No. 01–5024–JDW.

United States Bankruptcy Court,
M.D. Georgia,
Macon Division.

July 17, 2001.

See also 279 B.R. 366, 279 B.R. 377.

Jason M. Orenstein, Fricks, Dell & Orenstein, Macon, GA, for Debtor.

W. Wright Banks, Jr., Assistant Attorney General, Atlanta, GA, for Defendants.

### MEMORANDUM OPINION

JAMES D. WALKER, Jr., Bankruptcy Judge.

This matter comes before the Court on Defendant Richard Milam's Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure claiming that Debtor David Eugene Jones's Complaint fails to state a claim upon which relief can be granted. After considering the pleadings, evidence and applicable authorities, the Court enters the following findings of fact and conclusions of law in compliance

with Federal Rule of Bankruptcy Procedure 7052.

### Findings of Fact

On March 1, 2001, Debtor filed a complaint with this Court alleging, among other things, that the criminal prosecutions of Debtor by Richard Milam of the Towaliga Judicial Circuit, Howard Simms of the Macon Judicial Circuit, and Kelly Burke of the Houston Judicial Circuit ("Defendants") under Ga.Code Ann. § 16–8–15 are improper and that such prosecutions should be enjoined by this Court. Debtor alleges that the prosecutions are actions to collect a debt on behalf of J. Dale Mann, Dodd's Builder's Supply, Inc. ("DBS"), and Bankston Lumber Company ("Bankston") and that such prosecutions were commenced in bad faith. Debtor further alleges that because these actions are to collect a debt they are violations of Section 524(a) of the Bankruptcy Code as it pertains to discharge injunctions.

The following facts were provided by Debtor in his complaint. Debtor, along with his brother, operated a home construction business. As part of that business, they had a revolving account with DBS for supplies, as well as with Bankston for supplies. At various times during 1999, Debtor owed over $100,000 to DBS. However, by the end of 1999, Debtor owed approximately $8,000, which he was unable to pay. Debtor also owed money to Bankston. Thereafter, DBS filed a materialman's lien for the amount it was owed against Mr. J. Dale Mann, a homeowner whose home was built by Debtor and his brother with supplies purchased at DBS. Mr. Mann had contracted with Debtor and his brother to construct a home for him and had paid them the full amount under the contract for their services, which was

approximately $64,800. In addition, DBS and Bankston filed other materialman's liens in connection with the money they were owed.

Debtor states that the lien against Mr. Mann, as well as the other liens, were not valid because under Ga.Code Ann. § 44–14–361 et seq. a lien against a homeowner who receives the benefit of materials must be filed within ninety days. DBS and Bankston, having revolving accounts with Debtor and his brother, applied the funds they received in such a way as to enable the debts to fall within the ninety day deadline, without regard to whether the supplies purchased were actually used on Mr. Mann's home or the other individuals who had liens filed against them within the ninety days. Debtor alleges that the debts owed to DBS and Bankston were not for supplies used on the buildings owned by the individuals who had liens filed against them.

■ Thereafter, Mr. Mann filed suit against the company owned by Debtor and his brother in the Magistrate Court of Monroe County, Georgia for conversion and requested $8,478.23. On February 22, 2000, Mr. Mann obtained a judgement against the company. Mr. Mann also filed suit in the same court asking the court to pierce the corporate veil of the company to collect on the judgement from Debtor and his brother. However, the suit was stayed and Mr. Mann was not able to collect any money due to Debtor's filing for bankruptcy on December 30, 1999.[1]

On December 8, 2000, Debtor's debts, including the $8,000 debt to DBS, were discharged pursuant to a discharge injunction order issued by this Court. The order provided that "The discharge prohibits any attempt to collect from the debtor a debt

---

1. Section 362 of the Bankruptcy Code provides that upon filing a petition with the bankruptcy court, actions to collect debts, such as

Mr. Mann's action, are stayed. 11 U.S.C. § 362(a)(1) (West 1994).

that has been discharged." *In re Jones,* No. 99–55074 (Bankr.M.D.Ga. December 8, 2000).

Having been unsuccessful in collecting any money on the debt, Mr. Mann consulted with DBS and together they spoke with a detective at the Monroe County Sheriff's Office. DBS and Mr. Mann then swore out warrants claiming that Debtor had engaged in a scheme to defraud them in violation of Ga.Code Ann. § 16–8–15.[2] Subsequently on August 8, 2000, a Special Presentment was made to a Monroe County Grand Jury and the Superior Court for Monroe County issued a Bill of Indictment charging Debtor with violating Ga.Code Ann. § 16–8–15. Defendant Richard Milam is the prosecutor of this case. Defendants Howard Simms and Kelly Burke are the prosecutors in Bibb and Houston Counties respectively, who have charged Debtor with violating Ga.Code Ann. § 16–8–15. These are the other jurisdictions where DBS and Bankston filed their materialman's liens.

### Conclusions of Law

■ The purpose of a Rule 12(b)(6) motion is to determine whether the plaintiff's complaint states a legally sufficient claim for relief. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (2d ed.1990 & Supp. 2000). Because a Rule 12(b)(6) motion tests the facial sufficiency of the complaint, typically it must be analyzed in conjunction with Rule 8, which provides that a claim for relief must simply contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.Civ.P. 8(a)(2). A court evaluating a Rule 12(b)(6) motion must focus its analysis on the face of the complaint, but it may also consider any attachments to the complaint, matters of public record, orders, and items appearing in the record. *Watson v. Bally Mfg. Corp.,* 844 F.Supp. 1533, 1535 n. 1 (S.D.Fla.1993), aff'd. mem., 84 F.3d 438 (11th Cir.1996). Additionally, any documents referenced in the complaint that are central to the plaintiff's case may be considered. *In re Sunbeam Sec. Litig.,* 89 F.Supp.2d 1326, 1335 (S.D.Fla.1999).

■ The Supreme Court has articulated the following standard for evaluating a Rule 12(b)(6) motion:

> In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

*Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). As this standard indicates, the complaint must be construed in the light most favorable to the plaintiff, and the facts as alleged must be accepted as true. *Kirby v. Siegelman,* 195 F.3d 1285, 1289 (11th Cir.1999). However, the district court is not required to accept as true the plaintiff's conclusions of law. *Solis–Ramirez v. United States Dept. of Justice,* 758 F.2d 1426, 1429 (11th Cir.1985). If the facts alleged in the complaint would allow the plaintiff to recover under any possible theory, the motion must be denied, regardless of whether they would allow recovery under the particular theory pleaded by the plaintiff. *Linder v. Portocarrero,* 963 F.2d 332, 336 (11th Cir.1992). Because this standard im-

---

**2.** Ga.Code Ann. § 16–8–15 states in pertinent part "Any … contractor, subcontractor, or other person who with the intent to defraud shall use the proceeds of any payment made to him on account of improving certain real property for any other purpose than to pay for … materials furnished by his order for this specific improvement while any amount for which he may be or become liable for such … materials remains unpaid commits a felony …."

poses such a heavy burden on the defendant, *Beck v. Deloitte & Touche,* 144 F.3d 732, 735–36 (11th Cir.1998), Rule 12(b)(6) motions are rarely granted. *St. Joseph's Hosp., Inc. v. Hospital Corp. of Am.,* 795 F.2d 948, 953 (11th Cir.1986). With these principles in mind, the Court turns to its analysis of Debtor's complaint.

 Debtor claims that Defendants would violate the discharge injunction order issued by this Court if they should continue prosecuting Debtor for violating Ga.Code Ann. § 16–8–15. Therefore, he seeks to enjoin Defendants from continuing the criminal prosecutions. Section 524(a) of the Bankruptcy Code addresses violations of the discharge injunction and states in pertinent part "(a) A discharge in a case under this title—(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." 11 U.S.C. § 524(a)(1) (West 1994). As such, any act to collect a debt of Debtor's violates the discharge injunction.

Debtor asserts in his complaint that the prosecutions by Defendants were commenced to collect debts and Debtor alleges these actions were taken on behalf of Mr. Mann, DBS, and Bankston. Debtor states that he, along with his brother, owed DBS approximately $8,000 on a revolving account. Debtor also states that he owed money to Bankston. Because neither Debtor nor his brother could pay these debts, Debtor asserts that DBS filed an invalid materialman's lien against Mr. Mann, that DBS filed an additional invalid materialman's lien against another owner, and that Bankston filed an invalid materialman's lien against an owner. Debtor goes on to state in his complaint that after filing the lien against Mr. Mann, Mr. Mann attempted to collect the $8,000 debt from Debtor in state court, and when that failed Mr. Mann and DBS together swore out warrants against Debtor alleging that Debtor engaged in a scheme to defraud both of them under Ga.Code Ann. § 16–8–15. Debtor alleges that Defendant Milam then assisted Mr. Mann and DBS by prosecuting Debtor. Debtor further alleges that all of the prosecutions engaged in by Defendants are being conducted in bad faith.

Accepting these facts as true, it would appear that Debtor has articulated a possible theory under which he may recover. However, Debtor is seeking an injunction of state criminal prosecutions as a means of relief. Accordingly, as a preliminary matter, this Court must consider whether it is appropriate to exercise jurisdiction.

 The Supreme Court has cautioned federal courts about enjoining state court criminal proceedings, and has stated that such proceedings should not be enjoined " 'except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate.' " *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 751, 27 L.Ed.2d 669 (1971)(quoting *Fenner v. Boykin,* 271 U.S. 240, 46 S.Ct. 492, 493, 70 L.Ed. 927 (1926)). Such danger exists where a plaintiff's federally protected right cannot be eliminated by his defense against a single prosecution. *Id.* The Supreme Court went on to articulate the types of extraordinary circumstances that would warrant the injunction of a state criminal prosecution. Those circumstances are bad faith or harassing state prosecutions, patently unconstitutional state laws, the absence of an adequate state forum in which to raise constitutional issues, or any other unusual circumstances that would call for equitable relief. *Id.* at 753–55, 91 S.Ct. 746. This doctrine for abstaining from exercising jurisdiction and not enjoining state criminal proceedings was applied by the Eleven Circuit Court of

Appeals in the bankruptcy context, and specifically in the context of discharge injunctions, in *Barnette v. Evans*, 673 F.2d 1250 (11th Cir.1982). Therefore, the Court must consider whether Debtor has met this high threshold.

Debtor states in his complaint that his debts were discharged when the state criminal prosecutions began. As such, this demonstrates greater and more immediate danger than in the *Barnette* case. *Id.* In the *Barnette* case, the court stated that where there had been no criminal conviction of the debtor and no discharge of the debt, there was no immediate or great threat of injury. *Id.* at 1252. Debtor alleges facts which he urges the Court to consider as an exceptional circumstance under *Younger* so as to warrant enjoining the state criminal prosecutions.

Debtor alleges that his prosecutions are being conducted in bad faith and articulates facts that indicate bad faith on the part of Mr. Mann and DBS in swearing out a warrant against him. Debtor further alleges that because the money owed to DBS and Bankston cannot be traced to supplies used for a particular homeowner, Defendants could not have had a reasonable expectation that they could obtain a valid conviction where the intent to defraud a particular homeowner is a necessary element of the crime. Debtor states that without such reasonable expectation, the prosecutions were commenced in bad faith.

A prosecution is considered to be conducted in bad faith where it was brought without a reasonable expectation of obtaining a valid conviction. *Redner v. Citrus County*, 919 F.2d 646, 649 (11th Cir.1990). However, the Supreme Court has applied the bad faith prosecution exception very narrowly, requiring a showing of the absence of fair state judicial proceedings and the inability to raise claims of bad faith in state proceedings. *Juidice v. Vail*, 430

U.S. 327, 97 S.Ct. 1211, 1219, 51 L.Ed.2d 376 (1977)(where court found that the bad faith exception could not be used unless it was alleged and proven that the judges were acting in bad faith or with the intent to harass); *Moore v. Sims*, 442 U.S. 415, 99 S.Ct. 2371, 2381–82, 60 L.Ed.2d 994 (1979) (where court found that bad faith had not been demonstrated because such a claim could be raised in the state court proceeding and there was no allegation of impermissible bias as to the state judiciary).

Here, Debtor has not alleged any bad faith on the part of the judiciary and has presented no set of facts to indicate such bad faith. The only facts presented by Debtor on this issue are that a Special Presentment was made to a Monroe County Grand Jury, that after that presentment a Bill of Indictment was returned charging Debtor with violating Ga.Code Ann. § 16–8–15, and that Debtor was charged in Bibb and Houston Counties for violating Ga. Code Ann. § 16–8–15. In addition, while Debtor alleges that he cannot adequately raise his claim of bad faith or his claim that the prosecutions were commenced to collect a debt in the state criminal proceedings, he has not demonstrated how this would be so. As noted above, the Supreme Court has found that absent special circumstances, a claim of bad faith can be raised in a state criminal proceeding. *Id.* Debtor has not alleged any such special circumstances. In addition, the issue of whether a debtor could adequately raise a debt collection defense in a state court proceeding against a charge of violating Ga.Code Ann. § 16–8–15 was addressed in *Tenpins Bowling, Ltd. v. Alderman*, 32 B.R. 474 (Bankr.M.D.Ga.1983). There, the court found that the debtor was able to adequately raise the debt collection defense in the state criminal proceeding. In light of this precedent, the Court finds that Debtor has not alleged facts that would warrant the injunction of the state criminal

prosecutions under the bad faith exception to the general principle of federal court abstention. Further, the Court notes that Debtor has not alleged that the law he is being prosecuted for violating is patently unconstitutional. Seeing no other allegation of unusual circumstances that would call for equitable relief, the Court will abstain from exercising jurisdiction in this matter and will not enjoin the state criminal prosecutions of Debtor by Defendants for violating Ga.Code Ann. § 16–8–15. This decision is subject to review and reconsideration at any time upon request of Plaintiff, provided that such request contains newly discovered allegations of fact occurring prior to or subsequent to the entry of this opinion.