**In re SKYWAY COMMUNICATIONS HOLDING CORP., Debtor.**

**World Capita Communications, Inc., f/k/a Skyway Communications Holding Corp., Plaintiff,**

v.

**Island Capital Management, LLC, a Florida limited liability company d/b/a Island Stock Transfer, Defendant.**

Bankruptcy No. 8:05–bk–11953–PMG. Adversary No. 8:07–ap–240–PMG.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

April 4, 2008.

Amanda M. Uliano, Mark J. Wolfson, Foley and Lardner, LLP, Tampa, FL, for Plaintiff.

Murray B. Silverstein, Murray B. Silverstein PA, Saint Petersburg, FL, for Defendant.

## ORDER ON MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM FOR RELIEF, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT

PAUL M. GLENN, Chief Judge.

**THIS CASE** came before the Court for hearing to consider the Motion to Dismiss for Failure to State a Claim for Relief, or in the Alternative, for a More Definite Statement. The Motion was filed by the Defendant, Island Capital Management, LLC.

The Plaintiff, World Capita Communications, Inc., commenced this adversary proceeding by filing a Complaint against Island Capital Management, LLC and two other defendants. The other defendants have been dismissed from the proceeding. (Doc. 24).

The Complaint against Island Capital Management, LLC as the remaining Defendant contains three Counts. Count I is an action to avoid and recover a fraudulent transfer pursuant to § 544(b) of the Bankruptcy Code and § 726.105($l$)(b) of the Florida Statutes. Count II is an action to avoid and recover a fraudulent transfer pursuant to § 544(b) of the Bankruptcy Code and § 726.106(1) of the Florida Statutes. Count III is an action for unjust enrichment that is asserted in the alternative, in the event that the Plaintiff does not obtain a recovery under Counts I and II.

In the Motion presently under consideration, the Defendant contends that the Complaint should be dismissed because: (1) it fails to provide fair notice of the property that was allegedly transferred to the Defendant; (2) the Plaintiff lacks standing to pursue the fraudulent transfer claims; (3) the Plaintiff is barred from pursuing the claims under the doctrine of *in pari delicto;* and (4) the Complaint is so vague that the Plaintiff should be required to provide a more definite statement of its claims.

## Background

The Debtor, Skyway Communications Holding Corp., was a publicly-traded company. The Debtor's prepetition operations were devoted primarily to developing a business plan and raising capital for future operations. The Debtor's business plan was to provide telecommunications services to the airline industry through the application of certain patented wireless communications technology. The patent was never assigned to the Debtor, however, and the Debtor never generated substantial revenues. (Docs. 422, 494).

The Debtor filed a petition under Chapter 11 of the Bankruptcy Code on June 14, 2005.

An Official Committee of Unsecured Creditors (the Committee) was appointed by the United States Trustee on September 9, 2005. (Doc. 110).

On April 2, 2007, the Committee filed its Second Amended Plan of Reorganization (the Plan). (Doc. 420). Generally, the Plan provided for the "Reorganized Debtor" to continue to exist after confirmation of the Plan "as a separate, non-public corporate entity." (Plan, § 8.2). The Plan further provided for the "Reorganized Debtor" to issue newly-authorized common stock to an entity known as World Capita, Inc. in consideration for a purchase price in the amount of $150,000.00. (Plan, § 8.1). The purchase price for the stock was to be transferred to an Unsecured Creditors Trust for ultimate distribution to the holders of allowed administrative expense claims, priority tax claims, and other unsecured claims. (Doc. 494, ¶¶ 42, 46).

On May 23, 2007, the Court entered an Order confirming the Plan. (Doc. 494).

On June 14, 2007, the Plaintiff filed the Complaint that commenced this adversary proceeding. (Doc. 1). Paragraphs 11 through 24 of the Complaint contain allegations regarding the prepetition business activities of the Debtor.

The Plaintiff alleges, for example, that the Debtor was engaged in the business of attempting to develop and market certain wireless communications technology, but that it never actually possessed the technology that it represented. Consequently, according to the Plaintiff, the Debtor was formed and used "for the purpose of facilitating a classic 'pump and dump' scheme designed to defraud investors." (Complaint, ¶¶ 11–12). Specifically, the Plaintiff alleges that the Debtor engaged in "activi-

ties aimed at creating a misleading public perception of Skyway Communications as a robust and viable entity, so as to lure investors into acquiring sizeable quantities of Skyway stock. Then, as stock prices rose in response to the increased investment activity, Skyway's officers and directors, and others involved in the scheme, were able to sell their own ill-gotten Skyway shares at a considerable profit." (Complaint, ¶ 18).

With respect to Island Capital Management, LLC, the Plaintiff alleges that the Defendant "acted as a securities transfer agent for, and advisor to" the Debtor pursuant to a Transfer Agent Agreement dated May 24, 2004. (Complaint, ¶¶ 3, 26, 27, Exhibit A). In connection with the arrangement, the Plaintiff alleges that the Defendant "knowingly participated in the referenced 'pump and dump' scheme" perpetrated by the Debtor. (Complaint, ¶ 25).

In particular, the Plaintiff alleges that the Defendant "assisted Skyway in its efforts to attract investors by creating a misleading public perception of the company" in order to lure investors into acquiring large numbers of shares of the Debtor's stock. (Complaint, ¶ 30). The Plaintiff also alleges that the Defendant "improperly arranged for and/or facilitated the issuance or conversion and sale of hundreds of millions of shares of Skyway Communications stock," and that the Defendant "did not provide any services to Skyway that could be considered reasonably equivalent value for the payments received from the company." (Complaint, ¶¶ 41, 43).

Based on the allegations, the Plaintiff seeks to avoid and recover "the Island Capital Transfers" from the Defendant pursuant to § 544(b) of the Bankruptcy Code and the Florida Uniform Fraudulent Transfer Act. (Counts I and II). Alterna-

tively, the Plaintiff seeks the entry of a judgment against the Defendant in the amount of "the Island Capital Transfers" on the grounds that the Defendant was unjustly enriched by the transfers. (Count III). The term "Island Capital Transfers" is not defined in the Complaint.

## Discussion

In the Motion presently under consideration, the Defendant asserts that the Complaint should be dismissed because (1) it fails to provide fair notice of the property that was allegedly transferred to the Defendant; (2) the Plaintiff lacks standing to pursue the fraudulent transfer claims; (3) the Plaintiff is barred from pursuing the claims under the doctrine of *in pari delicto;* and (4) the Complaint is so vague that the Plaintiff should be required to provide a more definite statement of its claims.

The Defendant filed the Motion pursuant to Rule 12(b)(6) and Rule 12(e) of the Federal Rules of Civil Procedure. (Doc. 6).

The standard for evaluating a motion to dismiss under Rule 12(b)(6) is well-established.

> In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

*Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The challenged complaint must be interpreted in the light most favorable to the plaintiff, and the facts alleged must be accepted as true. *In re Jones,* 279 B.R. 370, 374 (Bankr.M.D.Ga.2001)(citing *Kirby v. Siegelman,* 195 F.3d 1285, 1289 (11th Cir. 1999)).

If the facts alleged in the complaint would allow the plaintiff to recover under any possible theory, the motion must be denied. *In re Jones,* 279 B.R. at 374(citing *Linder v. Portocarrero,* 963 F.2d 332, 336 (11th Cir.1992)).

The standard imposes a heavy burden on the defendant to support its motion. Consequently, motions to dismiss under Rule 12(b)(6) are rarely granted. *In re Jones,* 279 B.R. at 374–75(citing *Beck v. Deloitte & Touche,* 144 F.3d 732, 735–36 (11th Cir.1998) and *St. Joseph's Hospital, Inc. v. Hospital Corp. of Am.,* 795 F.2d 948, 953 (11th Cir.1986)).

In this case, based on the standard set forth above, the Court finds that the Defendant's Motion to Dismiss the Complaint should be denied.

### A. Standing

First, the Defendant has not demonstrated beyond doubt that the Plaintiff can prove no set of facts in support of its claim of standing. Specifically, it appears from the Complaint that the Plaintiff may be able to prove that (1) its right to assert the fraudulent transfer claims was finally adjudicated in the Order Confirming Plan, and that (2) the estate received a benefit from the Plaintiffs pursuit of the fraudulent transfer actions.

### 1. The Plan

The Chapter 11 case was commenced by the Debtor, Skyway Communications Holding Corp. (Skyway). On April 2, 2007, a Plan was confirmed in the Chapter 11 case which provided for the continued existence of Skyway as the "Reorganized Debtor" following confirmation. (Docs. 420, 494). On June 7, 2007, Skyway's name was changed to World Capita Communications, Inc. Consequently, according to the Plaintiff, World Capita Communications, Inc. is the Reorganized Debtor with-

in the meaning of the confirmed Plan. (Transcript, p. 32).

World Capita Communications, Inc., as the Reorganized Debtor, is the Plaintiff in this adversary proceeding.

Section 8.9.2 of the confirmed Plan provides that the "Reorganized Debtor will retain all Retained Causes of Action for its own benefit (and any proceeds thereof will not constitute Unsecured Creditors Trust Action Recoveries) and will have the right, in its sole and absolute discretion, to pursue, not pursue, settle, release or enforce any Retained Causes of Action without seeking any approval from the Bankruptcy Court." (Plan, § 8.9.2).

The term "Retained Causes of Action" is defined in the Plan as "any and all of the Debtor's or the Estate's actions, claims, demands, rights, defenses, counterclaims, suits and causes of action, whether known or unknown, in law, equity or otherwise, against any Creditor or other third party." (Plan, § 2.1.1, p. 13).

Under these circumstances, the Defendant acknowledges that the Plaintiff is the Reorganized Debtor in this case, and that the Plaintiff possesses the right to pursue the Retained Causes of Action under the Plan. (Transcript, pp. 6, 49). The Defendant also contends, however, that it is entitled to assert all of its defenses to the Plaintiffs claims, including the defense that the Plaintiff may not bring a cause of action under § 544(b) solely for its own benefit.

### 2. Section 544(b)

■ As set forth above, Count I and Count II of the Complaint are based on § 544(b) of the Bankruptcy Code and the Florida Uniform Fraudulent Transfer Act. Section 544(b) provides:

**11 USC § 544. Trustee as lien creditor and as successor to certain creditors and purchasers**

. . .

■ (b)(1) Except as provided in paragraph (2), the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title.

11 U.S.C. § 544(b). "Under 11 U.S.C. § 544(b), a trustee in bankruptcy may 'step into the shoes' of an unsecured creditor and void a transfer of an interest in the debtor's property that the unsecured creditor would have the power to void under federal or state law." *In re International Pharmacy & Discount II, Inc.*, 443 F.3d 767, 770 (11th Cir.2005).

The Defendant asserts that the purpose of § 544(b) is to enable a trustee or debtor-in-possession to recover fraudulently transferred assets for the benefit of a debtor's unsecured creditors. See *In re Fogarty*, 114 B.R. 788 (Bankr.S.D.Fla. 1990). The Defendant further contends, however, that the Plaintiff in this case is seeking to avoid certain transfers solely for the Plaintiffs own benefit, and not for the benefit of any creditors of the Debtor. Because creditors will not benefit from any recovery, the Defendant asserts that the Plaintiff is not entitled to use the strong-arm powers set forth in § 544(b), and therefore lacks standing to bring the action. (Doc. 6, p. 9; Transcript, pp. 10–13).

In response, the Plaintiff contends that the Defendant misinterprets the requirements to pursue a cause of action under § 544(b). Specifically, the Plaintiff cites *Stalnaker v. DLC, Ltd.*, 376 F.3d 819 (8th

Cir.2004) for the proposition that a debtor's "estate" is distinguishable from the debtor's individual creditors, and that "it is only a benefit to the estate that is mandated, not a benefit to creditors." (Doc. 21, p. 9; Transcript, p. 34). Additionally, even if § 544(b) does require a benefit to creditors, the Plaintiff contends that the requirement is satisfied in this case, because "World Capita has in fact already provided a benefit to the estate's creditors" by virtue of its payment in the amount of $ 150,-000.00 to the Unsecured Creditors Trust pursuant to the Second Amended Plan. (Doc. 21, p. 10; Transcript, pp. 34–35).

The Defendant's Motion to Dismiss Count I and Count II of the Complaint should be denied, because the Court cannot determine from the Complaint that the Plaintiff lacks standing to bring the fraudulent transfer claims pursuant to § 544(b) of the Bankruptcy Code.

### 3. The Order Confirming Plan

On April 2, 2007, the Committee filed its Second Amended Plan of Reorganization and Second Amended Disclosure Statement. (Docs. 420, 422).

The Plan expressly provides that the "Reorganized Debtor will retain all Retained Causes of Action *for its own benefit.*" (Plan § 8.9.2)(Emphasis supplied). By definition, Retained Causes of Action include actions "as described in the Disclosure Statement," and actions arising under Section 544 of the Bankruptcy Code. (Plan, § 2.1.1). An entity identified as "Island Transfer" was named in the Disclosure Statement as a "target" of the Retained Causes of Action. (Doc. 422, p. 16).

On April 5, 2007, the Order Approving the Disclosure Statement and Notice of Hearing on Confirmation of Second Amended Plan was entered. (Doc. 428). The Order provided that any objections to confirmation were to be filed with the Court by May 9, 2007.

The Order and Notice was served on Island Stock Transfer and on the Defendant's attorney. (Doc. 435).

On April 9, 2007, a copy of the Plan was mailed to Island Stock Transfer and the Defendant's attorney. (Doc. 440).

A hearing to consider confirmation of the Plan was conducted on May 14, 2007.

No written Objections to confirmation had been filed by the Defendant, and no appearance was entered at the confirmation hearing on behalf of the Defendant.

The Order Confirming the Plan was entered on May 23, 2007. (Doc. 494). The Order provided that "all Retained Causes of Action shall vest in the Reorganized Debtor," with the intention that "Retained Causes of Action be preserved for prosecution following the Effective Date." (Doc. 494, ¶ 44).

The Defendant did not file a Motion for Reconsideration of the Order Confirming Plan.

In other words, the Plan expressly provided for the Reorganized Debtor to retain all actions arising under § 544(b) "for its own benefit." A copy of the Plan was mailed to the Defendant, together with a copy of the Order setting forth the deadline for objecting to the Plan. Section 1128(b) of the Bankruptcy Code provides that a "party in interest may object to confirmation of a plan." 11 U.S.C. § 1128(b). The Defendant did not file a written objection or appear at the confirmation hearing, however, despite having notice of the Plan's terms.

Under these circumstances, the Court finds that the Plaintiff may be able to prove that its right to assert the fraudulent transfer claims was finally adjudicated in the Order Confirming Plan. See *In re*

*Justice Oaks II, Ltd.,* 898 F.2d 1544 (11th Cir.1990), and *In re Commercial Loan Corp.,* 363 B.R. 559 (Bankr.N.D.Ill.2007).

### 4. Benefit to the estate

It is clear that the Reorganized Debtor retained the fraudulent transfer claims "for its own benefit." (Plan, § 8.9.2). Any funds recovered on account of the claims will not be used to pay the claims of the Debtor's creditors. The Plaintiff contends, however, that the estate has already received a benefit from the pursuit of the claims because of the payment made to the Unsecured Creditors Trust pursuant to the confirmed Plan.

As set forth above, the Plan provided for the Reorganized Debtor to issue newly-authorized common stock to an entity known as World Capita, Inc. in consideration for a purchase price in the amount of $150,000.00. (Plan, § 8.1).

World Capita, Inc., the entity that paid the purchase price, is the sole shareholder of the Reorganized Debtor, World Capita Communications, Inc. (Transcript, p. 32). World Capita, Inc. is not the Reorganized Debtor or the Plaintiff in this proceeding.

Further, according to the terms of the Plan, World Capita, Inc. paid the purchase price in exchange for the newly-issued stock in the Reorganized Debtor. It did not pay the purchase price in consideration for the Retained Causes of Action.

Despite the complexities of the Plan, however, the Court finds that the Plaintiff may be able to prove that the estate received a benefit from the pursuit of the fraudulent transfer actions.

■ "Whether the recovery of an avoidance will benefit the estate is determined on a case-by-case basis." *In re Furrs,* 294 B.R. 763, 773 (Bankr. D.N.Mex.2003).

Recovery of the avoided transfer is appropriate even if the benefit to the estate is indirect. 5 *Coller on Bankruptcy* ¶ 550.02[2], p. 550–7 (15th ed.1998). The term "estate" is broader that the term "creditors," *In re Trans World Airlines, Inc.,* 163 B.R. 964, 972 (Bankr.D.Del.1994), and benefit has been interpreted broadly to include an indirect benefit such as an increase in the probability of a successful reorganization. (Citations omitted). *In re NextWave Personal Communications, Inc.,* 235 B.R. 305, 308–09 (Bankr. S.D.N.Y.1999). See also *Mc Asset Recovery, LLC v. The Southern Company,* 2006 WL 5112612, at *6 (N.D.Ga.2006)(A "trustee may avoid a fraudulent transfer even if the unsecured creditors have been satisfied in full post-confirmation."). Consequently, the pursuit of an avoidance action may be permitted under § 544(b), even if the proceeds of the action are not paid to the debtor's creditors, as long as the pursuit of the action facilitates the reorganization process.

In this case, the Order Confirming Plan provided in part:

17. **Benefit to Creditors.** The Plan, the statements of counsel, and the entire record reveal that the transactions contemplated by the Plan will provide a significant benefit to all Creditors and will provide for payments to be made on account of Allowed Administrative Claims, Priority Tax Claims, Secured Claims, and Unsecured Claims.

(Doc. 494, ¶ 17). The "transactions contemplated by the Plan" include, of course, World Capita, Inc.'s payment of $150,000.00 for the stock of the Reorganized Debtor, and the Reorganized Debtor's retention of the avoidance actions under § 544(b) of the Bankruptcy Code. In fact, in the Order Confirming Plan, the Court also found "that the preservation of

the Unsecured Creditors Trust Actions and the Retained Causes of Action is in the best interests of all parties." (Doc. 494, ¶ 44).

Under these circumstances, the Court finds that the Defendant's Motion to Dismiss Count I and Count II of the Complaint should be denied. The Plaintiff may be able to prove that the estate received a benefit from the pursuit of the fraudulent transfer actions by the Reorganized Debtor.

### B. In pari delicto

■ In its Motion to Dismiss, the Defendant also asserts that the Plaintiff is barred from pursuing its claims against the Defendant under the doctrine of *in pari delicto.* According to the Defendant:

> World Capita has no authority to assert its claims against Island Capital for harm to Skyway if Skyway was complicit in the wrongdoing attributed to Island Capital. If Skyway was complicit, such wrongdoing will be imputed to Skyway and any injury from the wrongdoing will be deemed to have been suffered only by Skyway's creditors, thereby precluding World Capita as the successor-in-interest to Skyway from seeking recovery under the doctrine of *in pari delicto.*

(Doc. 6, p. 10).

■■ "The doctrine of *in pari delicto* is an equitable doctrine that states 'a plaintiff who has participated in wrongdoing may not recover damages resulting from the wrongdoing.'" *Official Committee of Unsecured Creditors of PSA, Inc. v. Edwards,* 437 F.3d 1145, 1152 (11th Cir.2006); *In re Gosman,* 2007 WL 776262, at \*2 (Bankr.S.D.Fla.2007). The doctrine "is both an affirmative defense and an equitable defense. Broadly speaking, the defense prohibits plaintiffs from recovering damages resulting from their own wrongdoing." *In re Felt Manufacturing Co.,*

*Inc.,* 371 B.R. 589, 608 (Bankr.D.N.H. 2007); *O'Halloran v. Pricewaterhouse-Coopers LLP,* 969 So.2d 1039, 1043 (Fla. 2d DCA 2007).

■ Generally, the defense may be asserted against a bankruptcy trustee if it could have been raised against the debtor. *Edwards,* 437 F.3d at 1151–52.

■ In this case, the parties appear to agree that the defense may apply only to Count III of the Plaintiffs Complaint, the unjust enrichment claim, and not to Count I or Count II of the Complaint, the fraudulent transfer actions. Specifically, under Florida law, it appears that the defense may be asserted against common law tort claims, but not against statutory claims to recover fraudulent transfers. *In re Burton Wiand,* 2007 WL 963165, at \*6–7 (M.D.Fla.2007)(citing *Freeman v. Dean Witter Reynolds, Inc.,* 865 So.2d 543 550–51 (Fla. 2d DCA 2003)). "[T]he *in pari delicto* defense is inapplicable when a trustee brings an action under sections 544(a), 544(b), or 548, but the defense applies under section 541." *In re Fuzion Technologies Group, Inc.,* 332 B.R. 225, 232 (Bankr.S.D.Fla.2005).

The Defendant acknowledges that the defense relates primarily to the unjust enrichment action contained in Count III of the Complaint. (Transcript, pp. 13–14, 51).

■ The defense of *in pari delicto,* however, "is not an absolute standard that can be applied across the board regardless of the circumstances." *In re Fuzion Technologies Group,* 332 B.R. at 233. In evaluating the defense, the Court must determine whether the guilt of the plaintiff "is far less in degree than defendant's, so as to make the doctrine inapplicable." *In re Burton Wiand,* 2007 WL 963165, at \*7. Further, if a corporate plaintiffs agents are acting in their own interests and ad-

versely to the interests of the corporation, the agent's conduct will not be imputed to the corporate plaintiff. This principle is known as the "adverse interest exception" to the doctrine of *in pari delicto*. *In re Food Management Group, LLC*, 2008 WL 183410, at *11 (Bankr.S.D.N.Y.2008).

■ Generally, therefore, a determination of the *in pari delicto* defense is not suitable for disposition on a motion to dismiss. Even where the defense is properly asserted, dismissal is typically "not in the interest of justice and efficient case administration," and any motion to dismiss should be denied to allow for the development of the factual predicates of the defense and the balancing of the relative fault. *Kalisch v. Maple Trade Finance Corporation*, 2007 WL 1580049, at *1 (Bankr.S.D.N.Y.2007).

In this case, for example, the Complaint focuses on the allegations that the Debtor was formed and utilized by its officers and directors for the purpose of facilitating a classic "pump and dump" scheme, and that the Defendant assisted the Debtor in implementing the scheme. (See Doc. 1, Complaint, ¶¶ 12, 18, 25, 30).

Based on the allegations in the Complaint, however, the Court cannot determine the relative fault of the parties. *In re Burton Wiand*, 2007 WL 963165, at *7; *May v. Nygard Holdings Limited*, 2007 WL 2120269, at *4 (M.D.Fla.2007)(Because the Court could not evaluate whether the wrongdoing of the plaintiff was equal to the alleged wrongdoing of the defendant, the application of the doctrine of *in pari delicto* was precluded, and must await resolution at trial); *O'Halloran v. PricewaterhouseCoopers LLP*, 969 So.2d at 1047(Because it was not clear from the allegations of the complaint that the alleged wrongdoing of the defendant was the same as the alleged wrongdoing of the Debtor's agents, the plaintiff's claims should not be dis-

missed pending further litigation on the defense of *in pari delicto*.)

Dismissal of Count III of the Complaint is not appropriate at the present stage of this proceeding. The application of the defense of *in pari delicto*, together with the "adverse interest" exception to the defense, should be determined after further development of the factual record in this case.

### C. More definite statement

■ In its Motion to Dismiss, the Defendant asserts that the Complaint fails to satisfy the pleading requirements set forth in Rule 8(a)(2) of the Federal Rules of Civil Procedure, because it does not provide the Defendant with any "notice of what assets or property of Skyway were allegedly transferred to it."

> The Complaint alleges that Skyway transferred "the Initial Stock" to Island Capital and seeks to set aside the "Island Capital Transfers," but fails to provide any definitions for these terms.
>
> . . .
>
> Island Capital cannot in good faith admit or deny many allegations in World Capita's Complaint, particularly the averments involving the undefined terms "Initial Stock" and "Island Capital Transfer." Because these terms relate to the essential allegations of the Complaint, Island Capital should be provided with adequate notice as to their meaning before being required to frame a responsive pleading.

(Doc. 6, pp. 6, 13). Consequently, the Defendant seeks dismissal of the Complaint "for re-filing to include a more definite statement of the claims asserted." (Doc. 6, p. 13).

The Plaintiff acknowledges that the terms "Initial Stock" and "Island Capital

Transfers" are not defined in the Complaint, but contends that the Complaint adequately describes the business arrangement between the parties and the Defendant's receipt of fees pursuant to the arrangement. (Doc. 21, pp. 7–8).

 Rule 12(e) of the Federal Rules of Civil Procedure provides that a party may request a more definite statement of a pleading "which is so vague or ambiguous that the party cannot reasonably prepare a response." F.R.Civ.P. 12(e).

> Motions for more definite statement are disfavored under the liberal notice pleading approach in the Federal Rules of Civil Procedure; rather, discovery is the correct vehicle to obtain information necessary for trial.... In other words, a motion for more definite statement is not a substitute for discovery.... "The motion is intended to provide a remedy for an unintelligible pleading, rather than a vehicle for obtaining greater detail." ... Indeed, "[a] motion for a more definite statement will only be required when the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." ... As such, motions for more definite statement are rarely granted.

*In re Reliance Financial & Investment Group, Inc.,* 2006 WL 3663243, at *6 (S.D.Fla.2006) (Citations omitted). See also *In re Regional Diagnostics,* LLC, 372 B.R. 3, 20 (Bankr.N.D.Ohio 2007)("Rule 12(e) addresses unintelligibility rather than lack of detail, which means that motions for a more definite statement should not be used as a substitute for discovery.")

In this case, the Court finds that the Complaint is not unintelligible, that the Defendant should be able to prepare a response to the Complaint without exposing itself to any prejudice, and that the information needed for trial should be available through discovery. Consequently, the Complaint should not be dismissed on the basis that a more definite statement is required.

## Conclusion

The Plaintiff commenced this action by filing a Complaint to avoid fraudulent transfers and for unjust enrichment. The Defendant filed a Motion to Dismiss the Complaint on three primary grounds. The Court finds that the Motion to Dismiss the Complaint should be denied.

First, the Defendant did not demonstrate beyond doubt that the Plaintiff can prove no set of facts to support his claim of standing. Specifically, the Plaintiff may be able to prove that its right to assert the fraudulent transfer claims was finally adjudicated in the Order Confirming Plan, and that the estate received a benefit from the pursuit of the fraudulent transfer actions.

Second, the Plaintiff's claim based on unjust enrichment (Count III) should not be dismissed at this stage of the proceeding, because further development of the factual record is necessary to determine whether the defense of *in pari delicto* applies to the claim.

Finally, the Complaint should not be dismissed on the basis that a more definite statement is required, because the Complaint is not unintelligible, the Defendant may frame a response without suffering any prejudice, and the information needed for trial can be obtained through discovery.

Accordingly:

**IT IS ORDERED** that the Motion to Dismiss for Failure to State a Claim for Relief, or in the Alternative, for a More Definite Statement, filed by the Defen-

dant, Island Capital Management, LLC, is denied.